Hart v. Logan.

JAMES R. HART, Plaintiff in Error, *v.* SAMUEL LOGAN, Defendant in Error.

1. *Dower—Land, part payment for by vendee—Sale of after death of vendee—Assignment of dower to widow — Rule as to.*—Where the vendee of land has taken possession and paid part of the purchase-money, although no deed has passed but merely a title bond, he has such an interest therein as will make his vendor stand seized to his use; and after his death and sale of the property by the administrator, his widow will be entitled to her dower in the land, subject, perhaps, to contribution of her proportion of the amount paid by the administrator's vendee in satisfaction of the original vendor's lien.

### *Error to Sixth District Court.*

*Dryden & Dryden,* for plaintiff in error.

In cases arising under the execution laws this court has held that a vendor who has received part of the purchase-money is a trustee for the vendee. (Brant v. Robinson, 16 Mo. 149.) As to the general doctrine, see Atk. Titles, § 3; Smiley v. Wright, 2 Ohio, 512; McDonald v. Ater, 1 Ohio St. 296; 6 Dana, Ky., 204. As between the widow and the purchaser from the husband's administrator, she is doubtless liable to contribute to the removal of the encumbrance on the title—*i. e.*, in the case at bar, the unpaid $1,000 (Sto. Eq., §§ 477–8, 485, 487); but the obligation to contribute is not inconsistent with her right to dower.

The object of sections 2–3 of the dower law of 1855 (R. C. 1855, pp. 668–9) was not to give dower in cases not otherwise provided for, but to define with greater certainty than had been done before, the rights of parties in classes provided for in section 1, p. 668, R. C. 1855.

*Redd & Anderson,* for defendant in error.

In equity the use is raised in favor of the purchaser when the purchase-money is fully paid, and not before. (Russell v. Allen, 10 Paige, 249; 2 Sto. Eq., §§ 1207, 1210–11 a, 1259–60; Botsford v. Burr, 2 Johns. Ch. 409.) The dower right of the wife in the inchoate equity of the husband, arising out of part payment of the purchase-money, was provided for under certain

limitations by the act of November, 1855. (R. C. 1855, p. 668, §§ 2–3.) Prior to this law she had no such right in case of part payment. And it is hardly necessary to add that the law of 1855 can have no application here, as the husband died many years before.

WAGNER, Judge, delivered the opinion of the court.

This suit was brought by the plaintiff, who is the widow of Morgan Hart, against the defendant for her dower in certain real estate in the city of Palmyra, of which she alleges she is deforced by the defendant. The petition avers that Morgan Hart, the husband, in his lifetime bought the property in question from Reed & Perrin, the owners, on credit, and gave his five several promissory notes for the purchase-money, the vendors giving him a bond for the conveyance of the title on payment of the notes, and putting him in possession; that he afterward paid three of the five notes, and then died in possession; that the remaining two notes were paid after his death, it not being averred by whom paid. The answer admits the contract of purchase as set out in the petition, and admits, further, that Hart paid three of the notes ($1,500) of the purchase money, which was $2,500, and died in possession, and also avers that Hart's personal estate being insufficient to pay his debts, his administrator proceeded under the statute to procure an order of sale of the real estate from the County Court to pay debts, and accordingly procured the order and sold the property at public sale to one Pryor, under whom defendant derives title; that upon the payment of the purchase-money, the administrator executed a deed to Pryor, conveying all the interest of Hart in the real estate, and upon Pryor and one Williams paying to Reed & Perrin the balance of the purchase-money due on Hart's contract, they executed to Pryor a deed conveying the premises in fee simple. The answer alleged that therefore Morgan Hart, in his lifetime, was never seized of an estate of inheritance, and that plaintiff was not entitled to dower. To the matter set up in the answer by way of defense the plaintiff demurred, and the court overruled the demurrer; and, the plaintiff refusing to file a replication, judgment was given on the demurrer.

The whole question, therefore, is the sufficiency of the answer as a defense to the plaintiff's claim for dower. The answer admits the purchase of the property in which dower is sought, by Hart, the husband, under a valid executory contract, and that he had paid three-fifths of the purchase-money, and that at the time of his death, and prior thereto, he was in possession. It further appears that after the death of Hart his administrator sold the property under the statute for the payment of debts, and that Pryor, under whom the defendants claim, bought at that sale and went into possession under his purchase. Whether the administrator paid any of the remaining purchase-money, or how much was due and paid by Pryor, or under what circumstances and by what authority the vendors of Hart conveyed the legal title to Pryor, does not definitely appear.

The purchase by Hart and his death both took place while the code of 1845 was in operation, and consequently the question in the case is to be governed by its provisions. It is insisted by the counsel for the defendant that the husband, Hart, never possessed such an estate as would entitle his widow to dower within the meaning of the act then in force. The first section of the law relating to dower declared that "every widow shall be endowed of the third part of all the lands whereof her husband, or any other person to his use, was seized of an estate of inheritance at any time during the marriage." (R. C. 1845, p: 430, § 1.) It is argued that because the purchase-money was not paid by Hart in full, his vendors were not seized to his use; and besides quoting some authorities which it is thought sustain this view, counsel refer to the revision of 1855, which gives dower in cases of this kind in express terms. The inference sought to be drawn is that because the Legislature by its subsequent enactment make explicit provisions for a cause of this character, it had no previous existence.

But this conclusion does not necessarily follow. It may have been deemed wise and prudent, and doubtless was on so important a subject, to make the law so definite and clear that there could be no cavil respecting its meaning. To create a seizin there must be an interest, and certainly when a person has pur-

chased an estate, taken possession and paid the greater part of the price, he has such an interest as will make his vendor stand seized to his use. Atkinson, in his treatise on titles, asserts that "it is a general principle of equity that what is agreed to be done for a valuable consideration shall be considered as done, and therefore, after a contract has been entered into for the sale of land, the vendor becomes a trustee of the land for the purchaser, and the purchaser a trustee of the money for the vendor."

A question entirely similar in principle, and where the statute uses nearly the same words as presented here, was passed upon and adjudicated by this court. It was a case where land was sold under execution, and the point was whether the execution debtor had such an interest in the land as would subject it to sale. The statute provided that the following property should be liable to be seized and sold upon any execution issued upon a judgment, order or decree of any court of record: "Fifth. All real estate whereof the defendant, or any person for his use, was seized in law or equity on the day of the rendition of the judgment, order or decree whereon execution issued, or at any time thereafter." (R. C. 1845, p. 478, § 14.) In giving a construction to the above section, Gamble, J., who wrote the opinion of the court, said: "Without reviewing the decisions from other States, cited in the briefs of counsel, it is probably sufficient to declare the view entertained of the meaning of our statute upon the question now under consideration. When parties have bound themselves by agreement to convey land and to pay for it, equity recognizes an interest in the land as already in the purchaser, and the case is the stronger when the purchaser has actually paid in whole or in part; and in either case the interest of the purchaser may be sold on execution, upon the principle that the vendor is to be regarded as seized in equity to the use of the purchaser. But if no money has been paid, and if the person who may become the purchaser is not actually under any obligation to pay, then there is no seizin in the seller, even in equity, to the purchaser's use, and there is no interest in the land in him, which is liable to sale on execution." (Brant v. Robertson, 16 Mo. 129.) In this case Hart was in possession under a valid contract; he paid the larger part of the

purchase-money, and his vendors, according to the above authority, were clearly seized of the estate to his use. The doctrine is now well established that where a vendee of lands has died without making a full payment of the purchase-money, and without having received a conveyance of the legal title, his widow may nevertheless, in those States in which dower is allowed in equitable estates, go into a court of chancery and compel a sale of the lands for the satisfaction of the balance due the vendor and an assignment of her dower in the surplus. (Thompson v. Cochran, 7 Humph. 72 ; Daniel v. Leitch, 13 Gratt. 195 ; 2 Scribn. Dower, 152.) As Hart, the husband, had paid a large portion of the purchase-money, his widow was entitled to dower in all that remained after satisfying the unpaid balance. The court below decided upon the theory that the husband did not have such an estate as would entitle the plaintiff to dower under any circumstances, and in this we think it erred. It appears that one Williams bought at the sale one of the pieces of property that was included in the sale from Reed & Perrin to Hart, but how much he gave, or what proportion of the original purchase-money it devolved on him to pay, is nowhere shown. A new trial must be had, and the rights of the parties adjusted according to the principles heretofore laid down.

Reversed and remanded. The other judges concur.