MARY WORSHAM, Plaintiff in Error, *v.* WILLIAM CALLISON *et al.,* Defendants in Error.

1. *Dower — Equitable estate — Purchase-money not fully paid — No dower attaches, when.*—Where the purchase-money on a title bond for land was not fully paid, and the equitable interest of the husband in the land was sold prior to his death, his widow can have no dower therein. As the equity of the husband was not such as would entitle him to a decree for the legal estate, there was no resulting trust in his favor, and the vendor was not seized to his use, within the meaning of the first section of the dower act.

*Error to Morgan Circuit Court.*

*F. A. Spurlock,* for plaintiff in error.

A widow is entitled to dower in lands held by her husband under an executory contract, although all the purchase-money was not paid. (Brewer v. Vernondale, 6 Dana, 204 ; 7 Gray, 533 ; Stephens v. Smith, 4 J. J. Marsh. 64.) The true rule seems to be that the widow is entitled to dower where the husband had an equity in fee which would authorize the demand to the chancellor to decree title. (Bailey v. Duncan, 4 Monr. 262.)

A person holding title in fee through the husband is estopped from controverting the widow's right to dower, unless he shows an outstanding title. (Brancroft v. White, 1 Cairnes, 185.) If the husband purchases lands, takes possession, makes improvements, and pays part of the purchase-money, the widow is entitled to dower. (Smiley v. Wright, 2 Ohio, 513 ; Wall v. Hill, 7 Dana, 174.) The small sum of $13, due on a sale of $600, is too trifling to offset the natural rights of a distressed woman and her children.

Worsham v. Callison et al.

*Campbell & Pemberton*, for defendants in error.

The husband was never seized of such an estate as would entitle his widow to dower. (Wagn. Stat. 538, § 1.) The whole of the purchase-money must be paid up before dower attaches. If it is not paid up in the lifetime of the husband it must be paid up out of his estate, or by some one for him. (Wagn. Stat. 538, §§ 2, 3.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff's husband was possessed of an equitable interest in certain real estate, as purchaser by an unsatisfied title bond, and before his death his interest was sold upon execution against him, and bid in by defendant, who afterward obtained a deed from the vendor. She now seeks to have her dower assigned her out of said land.

At common law the wife has no dower in equitable interests acquired under executory contracts of purchase, as the seizin of the real estate by the husband was an essential requisite to the right of dower. (Scribn. Dow. 237, 395, ch. 12, 20.) Our statute (Gen. Stat. 1865, ch. 130, §§ 2, 3; Wagn. Stat. 538) provides for dower in lands held at the husband's decease by an unsatisfied contract, if the consideration remaining due shall be paid out of his assets, or if the land shall be sold by order of court or by virtue of any power in the contract or will of the husband. In the latter case, however, the widow cannot hold against the lien for the purchase-money. Under neither of these provisions can the plaintiff claim dower, for the husband's interest in the property had been sold away from him before his death.

The only claim, then, which she can have is under section 1, which not only gives dower in lands of which the husband was seized as an estate of inheritance, but also when they are held to his use. The provision is as follows: "Section 1. Every widow shall be endowed of the third part of all the lands whereof her husband, or any other person to his use, was seized of an estate of inheritance at any time during the marriage," etc. It is thus seen that the widow has the same right of dower in lands held in

trust to the use of the husband as though he was seized in fee, and the right extends to any lands held by him or in trust for him "at any time during the marriage."

When an executory contract for the purchase of lands is fully executed by the purchaser, there is a resulting trust in his favor, and the vendor has no further claim upon the lands, but is seized in trust to the use of the purchaser. If this be not so, our statute has made no provision for dower in land embraced in such contracts; for, as we have seen, the only specific provisions are in regard to contracts where part of the purchase-money is due, so that if the widow is to be endowed in lands wholly paid for but not deeded, it must be because they are embraced in that provision of section 1 which subjects to dower lands whereof others are seized to the use of the husband.

In Virginia the statute of 1785, providing that "when any person to whose use, or in trust for whose benefit, another is or shall be seized of lands, etc., hath or shall have such inheritance in the use or trust—as that if it had been a legal right, the husband or wife of such person would thereof have been entitled to curtesy or dower — such husband or wife shall have and hold, and may, by the remedy in similar cases, receive curtesy or dower of such lands," etc., is held to cover equitable estates acquired by executory contracts of purchase, provided the equity of the husband was such that a court would decree the legal estate. (Claiborne v. Henderson, 3 Hen. & M. 322.) Kentucky adopted the same statute and gave it the same interpretation. (Bailey v. Duncan, 4 Monr. 136.) But the court in subsequent cases (Hamilton v. Hughes, 6 J. J. Marsh. 581; Heed v. Lord, 16 B. Monr. 114) confined the right of dower to equitable interests existing at the time of the husband's death, and refused to extend it to perfected equitable estates when the contracts or title bonds had been assigned during his life.

Our own statute would seem unambiguous in this regard. Yet it is not necessary to pass authoritatively upon the question, as I cannot regard the equitable estate under consideration as coming within the purview of section 1, and for the reason that the title bond given the plaintiff's husband appears not to have been fully

paid up. The amount specified in the condition as due the vendor was $100, and of that sum $13 were unpaid at the time of the sheriff's sale.

Counsel speak of the amount as trifling, etc., and that so small an amount should make no difference with the plaintiff's rights. But the rules that regulate estates are exact, almost mathematical in their character, and if there is anything due and known to be due, the contract certainly is not executed and the trust is not fixed. If the equity of the husband was not such as would entitle him to a decree for the legal estate, there was no resulting trust in his favor; hence, though the vendor was seized, it was not to his use, and we have no certainty that he ever would become so seized. The vendee, it is true, had an equity, but it could not be complete so as to charge the vendor as a naked trustee so long as there was anything to do on his part; and, while so incomplete, the equity passed out of his hands. Had he retained the equity until his death without having satisfied the bond, the plaintiff would, as we have seen, be entitled to dower under the second or third sections; but having parted with it, although not willingly, no dower can attach.

Judgment affirmed. The other judges concur.