——o——

WILLIAM DUKE, *et al.*, Plaintiff in Error, *vs.* CHARLES BRANDT, Defendant in Error.

1. *Dower—Action for—Possession of deceased husband—Seizin, etc.*—In suit for dower, evidence that the deceased husband of the claimant possessed the lands, claiming them as his own, and left his family there at the time of his death is sufficient to make out a *prima facie* case of seizin in the husband.

2. *Dower—Contract for purchase of land—Possession—Seizin—Vendor's lien, etc.*—Certain school lands were sold by order of the County Court; the purchaser giving his note to the county for the purchase money and receiving the usual certificate of purchase. (Wag. Stat., 868, § 7.) A. bought the land from the original purchaser, lifted the note and substituted his own. He died in possession, leaving the whole of the note still unpaid. At administrator's sale, B. purchased the land and paid the amount of a judgment obtained on the note of A. Held, that B. might be subrogated to the rights of the county, and enforce the vendor's lien against the land. But that the title thereto would remain in the heirs of A., subject to be defeated by sale under the vendor's lien ; but that aside from such divestiture, there was in A., an equitable seizin, such as would entitle his widow upon payment out of his assets of the amount of the note, to her dower in the land, under § 1 of the dower act. And this right of dower would still remain notwithstanding the fact that no money had been paid by the deceased husband to the county, and no sale had been made by the county to him as contemplated by §§ 2, 3, of said act.

### Error to Morgan Circuit Court.

*Spurlock*, for Plaintiff in Error.

*Draffin & Stover*, and *Neilson*, for Defendant in Error.

By virtue of the administrator's deed, Brandt acquired Thruston's inchoate title to the land, and nothing remained for him to do in order to perfect the title in himself, but to discharge the county's lien on the lands for the purchase money; and having done so he takes the land free from any claim for dower.

If a considerable portion of the purchase money had been paid by Thruston in his lifetime, then his widow would be entitled to have her dower in the land assigned; subject however to her proper contribution towards the payment of the balance of the unpaid purchase money : But in this case, no part of the purchase money was paid, and dower does not attach. (Hart vs. Logan, 49 Mo., 47.)

The land was sold away from the estate of L. C. Thruston, by his administrator by order of the Probate Court, for the payment of debts, and this purchaser having paid off the entire lien for the whole of the original purchase money, takes the whole fee simple title to the land clear from dower. (Worsham vs. Callison, 49 Mo., 206).

The county might have enforced a sale of this land under a special execution, to compel the payment of the purchase money; and the purchaser at such sale would take the title to the land free from any claim to dower by L. C. Thruston's widow. (W. St., § 3, p. 538.)

ADAMS, Judge, delivered the opinion of the court.

This record is in such confusion, that it is difficult to extract a satisfactory statement of what was done in the Circuit Court.

The facts, however, seem to be about as follows : Lafayette C. Thruston was the husband of plaintiff, Nancy E. Duke, and died intestate in 1863 or 1864, and his widow Nancy intermarried with the plaintiff, Wm. Duke.

This is an action for dower, in which the plaintiffs claim that Thruston died seized of the following real estate in Morgan county, to-wit : The north half of the north-west quarter of section 16, township 42, of range 19, and the north-west quarter of the north-west quarter, and the north-east quarter of the north-east quarter, and south-east quarter of north-west quarter of section 8, township and range aforesaid ; and the petition alleges that the plaintiff Nancy, as widow of said Thruston, deceased, is entitled to dower in the same, and that the defendant is in possession of said lands, and the petition prays that dower be alloted and adjudged to her.

The answer, in substance, denies the plaintiffs' right to dower, and sets up a purchase of the same at administrator's sale, &c.

Upon the trial, the plaintiffs offered evidence, conducing to show that the said Thruston entered into the army in 1862 left his family residing on these lands, and died. He had lived on the lands as his own before his enlistment.

The lands in section 16, he bought of one Berry, and took a general warrranty deed in fee simple, which was offered to be read in evidence. He took deeds from other parties for the lands in section 8.

When he bought the lands in section 16 of Berry, he paid part cash and the balance, about $136.00, he paid by lifting a

note which Berry had given to Morgan county, for the purchase money at a sale of these lands as school lands, and executing his own note to the county for the same. This note stood against him at the time of his death, and was probated against his estate.

This was, in substance, the evidence offered by plaintiff, all of which was excluded upon the alleged ground, that the plaintiff had shown no such seizin in Thruston as entitled the plaintiff Nancy, to dower.

The defendant claimed the lands by virtue of a sale and deed made by the administrator of Thruston for payment of debts. But this sale and deed only comprehended one of the eighty acres tracts in section 8, and none of the land in section 16 in which dower is claimed. The defendant also proved that after the administrator's sale, he paid off Thruston's note to the county, or rather the judgment which had been rendered on it. He was threatened with a suit to foreclose the vendor's lien, and paid it off to save costs.

The case was submitted to the court, and a judgment given against the plaintiffs. The usual motions in arrest, and for a new trial were made and overruled. I am unable to perceive upon what ground the court excluded the plaintiff's evidence. The evidence clearly tended to show that Thruston died seized in fee of the lands in section 8. Possession of lands claiming them as his own, is evidence of title in the possessor, and if it be conceded that Thruston was in possession of the lands in section 8, claiming them as his own, and left his family there, and they were there at the time of his death, this was a sufficient *prima facie* case to entitle his widow to dower. The sale of the lands in section 8 by the administrator for payments of debts, could not divest the widow's dower.

In regard to the lands in section 16, it seems that they were not included in the sale and deed made by the administrator to the defendant. He alleges that there was a mistake in the order of sale and also in the sale and deed; that these lands were intended to be sold, but by a mistake, another part of section 16 was actually sold and contained in the administra-

tor's deed, but that he took possession of the land in dispute under that purchase.

Whether this alleged mistake can be corrected at all or not, it is very evident that it cannot be done on the pleadings as they stand in this case.

The payment of the purchase money due to the county, did not invest any title in the defendant. If he paid it, believing that he was the owner by administrator's sale, he may be subrogated to the rights of the county, and enforce their vendor's lien against the lands. The lands still belong to the heirs of Thruston, subject to this lien, and the only question remaining is, whether Thruston had such a seizin as to entitle his wife to dower. It may be assumed that Thruston, by his deed from Berry, only succeeded to Berry's rights in these lands. He was in possession under a contract to purchase with the right to pay the purchase money, and procure the legal estate in fee. His right rested in contract and possession. This he might have transferred or relinquished at any time before his death, and thus defeated his wife's inchoate right of dower. (See Worsham vs. Callison, *et al.*, 49 Mo., 206.)

But he died in possession, and this right to complete his title, was in equity real estate and descended to his heirs, vesting in them the right to pay off the debt and acquire the legal title. It was such an interest in lands, as might have been sold under execution during his life-time, and such a sale or a sale by himself might have transferred this interest free of dower. As the husband died in possession, was not this such an equitable seizen as entitled the widow to dower under the first section of our statute concerning dower? This case is governed by the dower act of 1855, but there is no material difference in this respect between the laws of 1855, and our present statutes. Section 2, R. C. of 1855, page 668, provides that where a contract was made for lands, and the purchase money in whole or in part was not paid; but after the death of the husband is paid out of the assets of the estate, his widow shall be endowed of the third part of such lands.

This section was intended to place such lands on the foot-

15—VOL. LI.

ing, after the payment of the purchase money, as other unincumbered real estate.

Section three provides that where only part of the purchase money has been paid, and the lands are sold under the orders or judgment of a court, or by virtue of any power in such contract, or of any power or devise in the will of the husband, the widow shall be endowed as against every person, except such as may hold a lien on such real estate for the payment of the purchase money, and those claiming under them. This section refers to cases where parts of the purchase money had been paid, and allows the widow to be endowed against all purchasers of the land after the death of the husband, subject, however, to be defeated by a sale under the vendor's lien.

It will be observed that sections two and three do not touch the case at bar; no part of the purchase money had been paid before or after the death of the husband, nor has there been any sale of the lands.

That a sale under the vendor's lien would defeat the widow's dower, is too plain to need illustration. But, subject to the vendor's lien for the purchase money, is not the widow entitled to dower when no part of the purchase money was paid before the husband's death?

There is nothing in our statute denying dower in this sort of case, and in my judgment, it is comprehended in the first section of the statute, subject, of course, to be defeated by the enforcement of the vendor's lien, (Hart vs. Logan, 49 Mo., 47; Jones vs. Bragg, 33 Mo., 337)

Under this view, the judgment must be reversed, and the cause remanded.

The other judges concur.