Grady v. McCorkle, et al.

————o————

CHARLOTTE GRADY, Appellant, *vs.* MARTIN A. McCORKLE, et *al.*, Respondents.

1. *Dower—Alienation of property by husband—Effect of.*—The alienation of real estate by the husband, whether voluntary as by deed or will, or involuntary, as by proceedings against him or otherwise, will confer no title on the alienee, as against the wife in respect to her dower.

2. *Dower—Suit for specific performance estops claim for, when.*—In a suit for specific performance of a contract to convey land, brought against the widow and heirs of the owner, where the dower of the widow is not in any manner determined or litigated, or drawn in question by the proceedings, a decree for plaintiff will not estop the widow from afterward recovering her dower.

*Appeal from Howard Circuit Court.*

*Thos. Shackleford,* for Appellant.

I. The court will not estop a widow in her claim for dower by proceedings at law, unless it is manifest that the question in relation to her rights was properly adjudicated. (52 Mo., p. 98.)

*Lay & Belch,* for Respondents.

I. The matter of the widow's dower estate was distinctly in issue, and was actually passed on in the former suit, and the question is *res judicata.* (Freem. Judgm., § 246, *et seq.*)

II. One object of the proceeding was to have the value of the land determined so that it might be charged against Leonard Grady, his widow and heirs, as an advancement. The determination of the value of the land for this purpose necessarily required the court to take into consideration the dower estate of Charlotte Grady.

WAGNER, Judge, delivered the opinion of the court.

This was a suit commenced in the Circuit Court of Howard county, against the defendants, the widow and heirs of Leonard Grady, deceased, for the assignment of dower in certain real estate. From the record it appears, that in the year 1859, William Grady, the plaintiff's husband, was seized of the land in controversy, and agreed with his son, Leonard Grady, that if he would go on the land and improve it, he would convey the same to him by deed, by way of advancement, and charge him with its value at the time he took possession.

Under this agreement Leonard took possession of the land and made improvements on the same, and continued to reside on and cultivate it up to the time of his death.

William Grady died without having conveyed the land according to the agreement, and without having fixed any price thereon, to be charged as an advancement.

In the year 1865, after the death of William and Leonard—the father and son—the widow and heirs at law of Leonard, who are the defendants in the present case, filed their petition in the Circuit Court against the plaintiff and the heirs of William, setting out the facts as above stated, and praying the court to decree that the land should be held by them as the widow and heirs of Leonard, as if the same had been conveyed to him by William in his life time, and to fix a valuation thereon, at which they should be charged for the same.

In this proceeding plaintiff was duly served with process, but made no answer. The court made a decree in accordance with the prayer of the petition, declaring that the land "described be, and the same is hereby vested in the plaintiffs, to be held by them as if the same had been conveyed by said William Grady in his life time, to the said Leonard Grady, and that the title of defendants, as the widow and heirs of William Grady be divested."

The court below held that this decree barred the plaintiff, the widow of William Grady, from having any dower in the premises; and this is the only question in the case.

The statute provides that "every widow shall be endowed of the third part of all the lands whereof her husband, or any other person to his use, was seized, of an estate of inheritance, at any time during the marriage, to which she shall not have relinquished her right of dower, in the manner prescribed by law, to hold and enjoy during her natural life." (1 Wagn. Stat., 538, § 1.)

The right of dower attaches whenever there is a seizin by the husband during the marriage, and unless it is relinquished by the wife in the manner prescribed by law, it becomes absolute at the husband's death. After the right of dower has once attached, it is not in the power of the husband alone to defeat it by any act in the nature of an alienation or charge. It is a right in law, fixed from the moment the facts of marriage

and seizin concur, and becomes a title paramount to that of any person claiming under the husband by subsequent act. (Co. Litt., 32a.)

The alienation of the husband, therefore, whether voluntary, as by deed or will, or involuntary, by proceedings against him or otherwise, will confer no title on the alienee, as against the wife in respect of her dower.

It is a necessary consequence of this rule, that all charges or derivative interest created by the husband, subsequent to the attachment of the wife's right, are voidable as to that part of the land which is recovered in dower. As the husband cannot defeat his wife's dower by any alienation of the land by himself alone, so neither can he bind her by any modification of the nature of the seizin, nor by any merger or extinguishment produced by his own act without her concurrence. (Scribn. Dower, 577.)

In conformity with these principles, it has been held that if a woman, after she becomes a widow, is made a party to a suit to foreclose a mortgage executed by the husband alone, and no allegation be made in the petition in reference to her claim for dower, the decree will not be considered as affecting her dower estate. (Lewis vs. Smith, 5 Seld., 502; Thompson vs. Reeve, 12 Mo., 157; Crenshaw vs. Creek, 52 Mo., 98; Freem. Judg., § 303.)

Neither the petition nor the decree in the case of Leonard Grady's widow and heirs vs. William Grady's widow and heirs, made any mention of the subject of dower, nor was it at all litigated or drawn in question. The whole object, extent and scope of that proceeding was to have the agreement and undertaking of William Grady specifically performed. The rights against the widow and heirs were precisely the same as they would have been against William Grady, had he been alive and made a party to the suit. But a suit against him would not have affected his wife's right to dower, without any concurring act on her part. The decree divested his title out of the widow and heirs, and vested it in the widow and heirs of his son. Nothing more was attempted and nothing more was done.

The question of the plaintiff's right of dower was neither raised nor decided, and was not made a subject of adjudication in the suit for specific performance. The plaintiff did not answer, and although she was perhaps properly made a party, my conclusion is, that she is not barred from claiming her dower interest in the land—she having done nothing to relinquish the same.

Wherefore the judgment must be reversed and the cause remanded; the other judges concur.