WILLIAMS, *Appellant*, v. COURTNEY.

**Dower.** The legislature has no power to divest inchoate dower; and, in the case at bar, did not, by the special act, (Sess. Acts 1855, p. 614,) authorizing the husband's guardian to sell his real estate, assume to do so.

*Appeal from Andrew Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

This was a proceeding for assignment of dower to appellant, her right to which was denied solely upon the ground that a sale by the guardian of her husband under a special act of the legislature, approved February 24th,

1855, entitled "An act for the relief of John R. Williams, of Andrew," extinguished her right of dower.

*Rea & Williams* for appellants.

*Majors & Campbell* for respondents.

SHERWOOD, J.—The right of a married woman to dower in the land of her husband rests on as secure a foundation as does the fee of the husband in such land. From the moment the facts of marriage and seisin concur, the right of the wife in this regard becomes a title paramount to that of any person claiming under the husband by subsequent act. Co. Litt. 32 a. So that neither the alienation of the land by the husband, nor alienation resulting from proceedings *in invitum* against him, will invest the alienee with the title as against the wife's dower right; such right remains intact until relinquished in the manner prescribed by law. 1 Scribner on Dower, 577; *Grady v. McCorkle*, 57 Mo. 172. The act of the legislature authorizing the guardian of plaintiff's deceased husband to sell the land in question, does not profess to confer any authority on such guardian to dispose of plaintiff's dower right, and if it did, it would violate that constitutional provision which forbids that any one be deprived of property "without due process of law," and would be a legislative attempt to take the property of one person and bestow it upon another. 2 Scribner or Dower, pp. 21, 22, and cases cited.

Therefore, judgment reversed and cause remanded. All concur.