McCREARY *et al., Appellants,* v. LEWIS *et al.*

Division Two, March 14, 1893.

**Dower:** ESTOPPEL OF WIDOW. A widow who did not join in a bond for a deed given by her husband in his lifetime in consideration of notes given for the purchase price, nor in the deed executed in pursuance of the bond by the administrator, under the order of the probate court, is not estopped from asserting her claim to dower in the land by accepting the money in payment of the notes as a part of her personal dower, as they constituted a part of her husband's personal estate.

*Appeal from Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED.

*James Orchard* for appellants.

(1) The widow is entitled to dower when there is a seizin by the husband during the marriage, and unless it is relinquished by the wife in the manner prescribed by law it becomes absolute at the husband's death, and the husband by no act of his during his lifetime could defeat it. Revised Statutes, sec. 4525; *Grady v.*

*McCorkle*, 57 Mo. 172.    (2) Is the widow estopped by any act of hers?    We think not.    She had the right to accept the notes as a part of her dower in the personal property.    She had a right to do so and would not be estopped from claiming dower although she had knowledge that the notes were given for the purchase money. *Martin v. Norris*, 90 Mo. 465; *Dudley v. Davenport*, 85 Mo. 462.    (3) If the grantees accepted the administrators deed and paid the purchase money without requiring the widow to relinquish her dower, then that is a full compliance with the contract and the original contract becomes void, and the deed is the evidence of the contract as said contract is merged in the deed, and the court should have so decided the law.    *Wheeler v. Ball*, 26 Mo. App. 443; *Herryford v. Turner*, 67 Mo. 295.

*Olden & Orr* for respondents.

We submit that if the petition herein states a cause of action so as to give plaintiffs any standing in this court, that this case must stand or fall upon the pleadings and agreed statement of facts, letters and receipts read in evidence.    There is no principle better settled than that a doweress may be barred of her right to claim dower by such conduct as will amount to an estoppel *in pais*.    *Hart v. Giles*, 67 Mo. 175; *Sweaney v. Mallory*, 62 Mo. 485;  2 Scribner on Dower, 251-257; 4 Kent [9 Ed.] 287.    *Dougrey v. Tapping* 4 Paige, 94, was a case where the land of an intestate was sold by administrator and administratrix under order of court, the mere silence of the doweress who was the administratrix to assert her claim at the sale worked an estoppel.    In *Smiley v. Wright*, 2 Ohio, 506, the widow was present at the sale of her deceased husband's land, and consented to the sale freed from dower, and she was held to be estopped, notwithstanding her ignorance of

her rights. The case of *Ellis v. Diddy*, 1 Ind. 561, was not unlike the case at bar. In that case it was pleaded that the widow concurred in the application for the order for the sale by the court, and received a portion of the purchase money as her dower. The plea was held good. In *Walling v. Burgess*, 22 N. E. Rep. (Ind.) 419, the widow of a deceased partner received the proceeds of the sale of the realty of the firm in excess of what was required to pay firm debts, and she was estopped from claiming dower as against the purchasers and their vendees under the sale. In *Stoney v. Bank*, 1 Rich. Eq. 275, when the executrix, who was also the widow, filed a petition for sale of the land, and made no claim of dower, she was held barred. To the same effect is *Thomas v. Harris*, 43 Pa. St. 231, where the widow was also administratrix. Courts of equity should view with disfavor claims like that of the plaintiffs, which can only tend to disturb titles and retard improvements, and which, if allowed, in the language of Judge Scott, would "make the dead sin in their graves." *Gregg v. Wells*, 10 Ad. & E. 98; *Niven v. Belknap*, 2 Johns. 588.

GANTT, P. J.—This is an action for dower in a lot in West Plains, Howell county, and for rents during the time the widow claims she was deforced of her right.

The petition alleged the marriage of the plaintiff, Clara J. McCreary, to A. I. Guthrie, in his life time; that he was seized in fee simple of the lot described in the petition during their marriage and his ownership thereof till his death. It alleges his death and her survivorship as his widow, her subsequent marriage to J. A. McCreary; the sale of one half of her dower right in said lot to her co-plaintiff VanWormer, the present ownership of the fee by defendants, James and

Ida Lewis, and that Blackiston has a mortgage of $900 on the lot.

Defendants for answer aver that Guthrie in his lifetime in the year 1885 sold said lot to Hilliard & Frazier for $200, and gave them a title bond for a good and sufficient warranty deed; that Frazier & Hilliard executed their joint promissory notes to Guthrie for the purchase money for said lot and entered into possession under their bond for a deed; that after Guthrie's death J. T. Hale was duly appointed, and qualified as his administrator; and among other proceedings in said administration it was shown to the probate court that Guthrie had made said sale and given bond for a deed; that Frazier & Hilliard had taken possession, and made lasting and valuable improvements and had fully complied with their contract by paying the purchase money, and thereupon said court ordered said administrator to convey said lot to them by a good and sufficient deed, which he did; that these defendants are the grantees of Hilliard & Frazier. They further aver that the money so paid by them was paid to said Clara J. as a part of her dower in the personal estate of her husband; that final settlement of her husband's estate has been made; that she is estopped from claiming dower in the lot. They also aver that there were no improvements on the lot when they purchased it.

The cause was submitted to the court upon the pleadings, the following agreed statement, letters and receipts:

"*First.* That A. I. Guthrie was the owner in his lifetime of the land described in plaintiff's petition; that he sold said lands to the grantor of the defendants herein and executed a title bond agreeing and binding himself, his heirs and executors and administrators to execute a good and sufficient warranty deed or deeds on the payment to him of the sum of $200

which was evidenced by two promissory notes executed to said A. I. Guthrie for $100 each.

"*Second.* That Clara J. McCreary, one of the plaintiff's herein, was the wife of the said A. I. Guthrie, deceased, at the time of the sale of said lands and from that time up to the time of his death; that she has, since the death of said Guthrie, intermarried with J. A. McCreary.

"*Third.* That said Clara J. McCreary *(nee* Guthrie) did not join with her husband in the execution of said title bond and never at any time signed, executed or acknowledged any instrument conveying said lands to anyone.

"*Fourth.* That at the time of the death of the said A. I. Guthrie no part of said $200 had been paid, and no deed had been executed by the said A. I. Guthrie, but that said A. I. Guthrie held said notes at time of his death.

"*Fifth.* That after the death of said A. I. Guthrie the said notes were held by Clara J. McCreary *(nee* Guthrie) as a part of her dower, and that the money was paid to her on said notes, and that she knew and had personal knowledge that the notes were given for the purchase money of said lands, and had knowledge that the money was the proceeds of the sale of said real estate described in plaintiff's petition, and that her husband had executed the bond in question, and that the notes were given in consideration of said bond and sale.

"*Sixth.* That after the death of Guthrie, J. T. Hale was appointed administrator of his estate to carry out the contracts for the sale of the land, and did execute to the grantors of said Guthrie 'a deed conveying the interests of said Guthrie in said lands by order of the probate court, under section —, Statutes,

1879, but that the widow of said Guthrie did not join in said deed."

Defendants then introduced the following letters and receipts:

"PERU, March 12, 1886.

"*Mr. J. T. Hale.*

"DEAR SIR:—In answer to your note, I will say, as to Hilliard & Frazier, I will discount both of their notes $10 if that will pay them both off at once. That is the best I can do with them. If you can do any better with them you will please do it, and oblige,

"CLARA J. GUTHRIE."

"POCAHONTAS, ARKANSAS, March 27, 1886.

"*J. T. Hale, Esq., West Plains, Mo.*

"DEAR SIR:—Yours of date March 18, 1886, is at hand and contents noted. Since the transfer of this note I have married Miss Clara J. Guthrie. The note executed to A. I. Guthrie by Hilliard & Frazier I send you for collection, and when paid, forward money to Mrs. Clara J. McCreary, by postoffice order on Pocahontas, Randolph county, Arkansas.

"Respectfully,

"J. A. McCREARY."

"June 30, 1886.

"$163.00.

"Received of J. T. Hale, one hundred and sixty-three dollars, balance due on Hilliard & Frazier notes to A. I. Guthrie, deceased.

"CLARA J. McCREARY."

"PERU, ARKANSAS, February 17, 1886.

"$25.00.

"Received of J. T. Hale, my attorney at West Plains, twenty-five dollars on Hilliard & Frazier note.

C. J. GUTHLIE."

This was all the evidence offered. Thereupon the plaintiffs asked the court to give the following declarations of law:

"Number 1. The court declares the law to be that, if the said A. I. Guthrie, deceased, during his lifetime bargained and sold the said north half of lot 8 in block 1 in the city of West Plains, Missouri, and received in payment therefor the said two promissory notes of his grantors of the sum of $100 each, and that at the time of the death of the said A. I. Guthrie he was the owner and holder of said notes, that the same are personal property and that the widow was and is entitled to same as her absolute personal property, if she claimed, held and took possession of same as such, and that, acceptance of said notes or proceeds thereof can not be deemed a waiver of her dowry right in said real estate.

"Number 2. The court declares the law to be that to entitle any person to the specific execution by an administrator of a contract made by his intestate which was unperformed at the time of his death, that the provisions of the statutes in such cases made and provided must be strictly complied with, and that, unless the proper petition, affidavit and notice be given, the widow of said A. I. Guthrie is not bound thereby, but is entitled to her dower in said described land unless she has conveyed same by deed or contract or unless she is by estoppel precluded from claiming same, and it devolves upon the defendants to show that the requirements of the statute have been complied with and performed, and, if they have failed to do so, then the finding should be for the plaintiffs.

"Number 3. The court declares the law to be that if A. I. Guthrie in his lifetime executed a title bond for a deed to the defendants and purchasers of the land in question and that the wife of said Guthrie did not sign or acknowledge said bond agreeing to

relinquish her dower, but that the said A. I. Guthrie died before said contract was performed and that the administrator made the purchasers a deed by order of the probate court and delivered the same, and that said deed was accepted by the purchasers without the widow joining therein and relinquishing her dower in the same way; then the contract is complete, and defendants are estopped from setting up any defense to the dowry interest of said widow, as they are bound by the deed as executed, and cannot rely on the covenants in the title bond, and the widow is entitled to her dower in the lands.

"Number 4. The court declares the law to be that if A. I. Guthrie in his lifetime sold the land described in plaintiff's petition and that he was the husband of plaintiff at the time that he executed a bond for a warranty deed and that the wife did not sign and acknowledge said title bond and agree to relinquish her dower and that the said A. I. Guthrie received two promissory notes as the purchase price of said land, and that before the said notes were paid and the deed was executed the said A. I. Guthrie died and after his death the probate court ordered the administrator to execute a deed to the purchasers for said lands on the payment of the amount thereof and that the amount was paid and the deed made by the administrator, and the purchase money of said lands paid over to the widow and that she knew it was the proceeds of the sale, yet, unless she agreed that said money was to be in lieu of dower in said lands, and signed and executed some instrument relinquishing her dower, she is not estopped from claiming dower in this land and the finding should be for the plaintiff.

"Number 5. The court declares that the agreement made by A. I. Guthrie, deceased, for the conveyance of said land, is in its nature executory and the

acceptance of a deed by purchasers in pursuance thereof is to be deemed an execution of the contract, and the agreement thereby becomes void and of no further affect and that the deed as the evidence of the agreement of the parties and not the antecedent contract which is merged in the deed, and the findings should be for the plaintiffs if said deed as accepted by the purchasers, was not signed by the widow, or, if she subsequently to the execution of said deed has not conveyed or relinquished her dowry interest in writing duly signed and acknowledged as provided in the statutes, or if she is not estopped from claiming and holding same by some act or conduct of hers, which would preclude her from claiming same.

"Number 6. The court declares the law to be that if the two notes of $100 each, executed by Hilliard & Frazier for the land in question, belonged to the heirs of said A. I. Guthrie, deceased, and that the widow was not entitled to same as her personal dower, still, if the administrator of the estate of said A. I. Guthrie deceased, by order of the probate court of Howell county, Missouri, paid over to said widow as her personal dower the $200 received by him in the payment of said notes given for the purchase of said real estate, and that the widow received it as such not with the intention and understanding of receiving and accepting same instead and in lieu of her dowry interest in said real estate; then the fact that she received said $200 is no evidence that she relinquished her dowry interest in said land or that she is estopped from claiming and holding same."

All of which said declarations of law the court refused to give, to the refusal of which, plaintiffs by their counsel then and there excepted at the time, and, said cause being submitted to the court, the court

found the issues for the defendants and rendered the judgment accordingly.

I. Under the agreed statement of facts, Mrs. McCreary was entitled to judgment for her dower. All the essentials to dower concurred in her case. A lawful marriage, the seizin of her husband, during the marriage, of an estate of inheritance, and the death of the husband, leaving the wife surviving. It is not claimed that she was a party to the bond for the deed, or that she ever relinquished her right in the manner prescribed by law during the life of her husband. *Grady v. McCorkle*, 57 Mo. 172; *Williams v. Courtney*, 77 Mo. 587; *Blevins v. Smith*, 104 Mo. 583.

The defendants rely entirely upon estoppel *in pais*. What peculiar facts they rely upon to establish an estoppel is not clear. They aver in their answer the making of the bond for a deed by her husband and the subsequent specific performance of this contract by her husband's administrator, under the orders of the probate court, and the payment of the money to her, she having received the notes of the original grantees as a part of her personal dower from the administrator, with the knowledge that they were purchase money for the lot. But it is clear that these facts have neither singly or as as a whole any of the elements of an estoppel.

The wife was no party to the proceeding in the probate court. No act or word of hers induced the grantors to make the contract. That was complete in the lifetime of her husband. They contented themselves with the obligations of the husband alone. In *Grady v. McCorkle*, 57 Mo. 172, it was even held that where she was a party to a foreclosure suit, yet when no reference was made in the petition to her dower, the decree did not affect her dower. Here she was in no sense a party to the proceeding. In taking the money,

she simply exercised an unquestionable right. It was a portion of her husband's personal estate, and she accepted it as such. *Martien v. Norris*, 91 Mo. 465; *Grady v. McCorkle, supra.* The circuit court erred in giving judgment for defendants, and in refusing plaintiff's instructions, numbers 1 and 4. The others were irrelevant. No point is made as to the right of Mrs. McCreary to convey a half of *her unassigned dower* to her co-plaintiff, nor is there any suggestion that he was not a proper party plaintiff. Revised Statutes, 1889, sec. 4514. The judgment is reversed and the cause remanded for a new trial in accordance with the views herein expressed. All of this division concur.