GEORGE H. STEUART
vs. } MARCH TERM, 1849.
HARRIET A. BEARD AND OTHERS.

[DOWER.]

A HUSBAND purchased land of S. and gave his notes for the purchase money, and to secure the payment thereof, agreed that G., of whom he had purchased other land at trustee's sale, on which he owned a small balance of purchase money, and which was paid off by S., should convey the same to S., in trust, to secure said balance, and also said notes ; S. was also the assignee of a judgment rendered against the husband, upon whose death a bill was filed to sell his real estate to pay debts, and it was agreed that the widow's dower should be laid off in the land so conveyed by G. to S. HELD—
That the husband had an equitable interest in the land conveyed by G. to S. subject to the payment of the sums secured by that deed, but not liable to the judgment so as to defeat the widow's title to dower : that judgment having been recovered after the marriage, is subordinate to the claim of dower, which commenced with the marriage and the purchase by the husband from G.

[The bill in this case was filed for the sale of the real estate of John Beard, deceased, for the purpose of paying his debts. It alleges, in substance, that complainant, as executor of George H. Steuart, deceased, and acting under his will, sold a tract of land to John Beard, on the 15th of April, 1839, for which the latter was to pay $3000, secured by his six promissory notes, each for $500, and dated the day and year aforesaid, and payable at one, two, three, four, five and six years from date; that for the purpose of further securing the payment of this purchase money, it was proposed by said Beard, and assented to by complainant, that the latter should pay off a balance of $473 32, due by Beard on a tract of land which he had purchased from Louis Gassaway, trustee for a sale thereof, under a decree of the Court of Chancery, and a conveyance of said land should be made by said Gassaway directly to complainant, in trust, *first*, to indemnify the latter for his payment of said $473 32, with interest, and *secondly*, to secure the payment of said six promissory notes so given to complainant by said Beard. That this arrangement was carried

out and the land conveyed by Gassaway accordingly, by deed dated the 11th day of December, 1840. The bill further charges, that complainant holds a judgment against said Beard, in favor of James Iglehart, rendered on the 29th of October, 1839, for $761 63, with interest from the 1st of August, 1839, which was by said Iglehart assigned to, and entered for the use of, complainant. The other parts of the bill are not material to the question decided by the Chancellor and need not, therefore, be stated.

The deed from Gassaway, trustee, to the complainant, dated as above stated, conveys the land purchased from him at trustee's sale, by Beard to complainant in fee, "subject, nevertheless, to the terms set forth in the aforesaid exhibit B., filed with the aforesaid petition of John Beard, Stephen Beard and George H. Steuart." The terms of this exhibit the bill charges to be the arrangement between said John Beard and complainant, as above stated.

The question to be decided being in reference to the widow's dower, an agreement was filed, by which it was agreed, that Harriet A. Beard, the widow, was married to the late John Beard, before the execution of the deed by Gassaway to the complainant, and before the rendition of the judgment in favor of Iglehart, and that complainant was aware that she was the wife of the said Beard, at the time of the sale of the land by him to the said Beard, the assignment of the judgment to him by Iglehart and the execution of the deed by Gassaway. It was also agreed, that the dower of the widow should be laid off by metes and bounds, in the real estate of the deceased other than that sold to the said Beard by the complainant, subject, however, to the right of the complainant to make the said dower responsible for any deficiency in the payment of his debt out of the residue of the real estate, as if the said assignment of dower had not been made, if the court shall decide that her dower interest is, or ought to be, responsible for any part thereof. Upon this question, the Chancellor delivered the following opinion.]

THE CHANCELLOR:

The deed from Louis Gassaway to the complainant, dated the 11th of December, 1840, conveys the property therein described, subject to the terms set forth in an exhibit marked B., and filed in the cause therein referred to. That exhibit does not appear among the proceedings in this case, but the complainant in his bill, alleges that by the terms of the deed from Mr. Gassaway to him, the property conveyed was vested in him to secure the payment of the sum of $507 25, the amount paid by him to Gassaway, with the interest thereon, and the six promissory notes given by Beard for the land purchased by him of the complainant.

Supposing this to be a true description of the exhibit B., subject to the terms of which the deed from Mr. Gassaway was executed, I am of opinion, that the land which may be laid off to the widow for dower, is not liable for the judgment assigned to the complainant by Mr. Iglehart, the dower to be assigned according to the agreement filed on the 18th instant, not embracing any part of the land purchased by John Beard, deceased, of the complainant. The dower land will, however, be liable in case of deficiency for the purchase money of the land so purchased by John Beard and for the sum paid by the complainant to Mr. Gassaway, it being assumed that the dower is taken out of the land conveyed by the latter to the complainant.

John Beard, the deceased husband of Harriet, had an equitable title in the land conveyed by Gassaway to the complainant, subject to the payment of the sums intended to be secured by that deed, but not liable for the payment of the judgment of Iglehart recovered in 1839, so as to defeat the title of the widow to dower, unless that judgment was embraced in exhibit B., referred to in the deed executed by Gassaway. The judgment having been recovered after the marriage, must, unless secured by the deed, be subordinate to the claim for dower, which commenced with the marriage and the purchase by Beard, the husband, of Gassaway, in the mode recited in the deed of the latter to the complainant. This view of the rights of the parties, it is thought, is in conformity with the act of 1819, ch. 93, sec.

10, and the case of *Hopkins* vs. *Frey*, 2 *Gill*, 359, and *Miller* vs. *Stump*, 3 *Gill*, 304.

GEO. H. STEUART, for Complainant.

McLEAN, for the Widow.