ALMIRA HERRINGTON

*v.*

L. L. COBURN.

*Filed at Ottawa January 23, 1884.*

DOWER—*effect of a partition.* A husband being seized of an interest in land, with his wife, conveyed an undivided half thereof by a deed which failed to release the wife's dower. Afterward they conveyed the other half interest by a deed in which the wife's dower was duly released. The proprietors laid the land out into city lots, after which a partition was made between the several owners under a decree of court, to which neither the husband nor his wife was made a party: *Held,* that on the husband's death the wife was entitled to dower as to the undivided half interest conveyed by her husband in his first deed, and that she was not concluded by the decree of partition, so as to be compelled to seek her dower in the lots set off to the party claiming under her deed which failed to release dower.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Mr. S. A. FRENCH, and Mr. D. B. SHERWOOD, for the appellant:

Appellant's right of dower in the land conveyed to Dearborn was not released or conveyed to him. This was not disputed in the court below, and will not be here. *Murphy* v. *Williamson,* 85 Ill. 149; *Lindley* v. *Smith,* 46 id. 523.

Appellant's dower extended to whatever interest her husband had. The partition does not bind the wife, as neither

she nor her husband was a party to the contract. If it had been binding on the husband, appellant's dower would be confined to the land allotted to him. *Lloyd* v. *Conover,* 1 Dutch. (25 N. J.) 47; *Rank* v. *Hanna,* 6 Ind. 20.

Mr. L. L. COBURN, *pro se:*

Nathan P. Herrington and appellant's grantees, together with grantor of appellee, having had their titles established in each respective portion of the Herrington tract, and each having had his portion duly assigned by a decree of court, the title established by said decree is perfect, and all liens to said land were presumably disposed of in said partition suit. *Jackson* v. *Edwards,* 22 Wend. 518.

In *Lloyd* v. *Conover,* 25 N. J. 47, cited, the court say: "If a woman marry a man entitled to an undivided share of land, and after marriage a partition is made, by operation of law the wife is entitled to dower in the share set off to the husband only."

It is always in the power of one tenant in common to enforce a partition, and the husband will be bound by it. *Potter* v. *Wheeler,* 13 Mass. 504.

*Rank* v. *Hanna,* 6 Ind. 20, is based on a statute, and is distinguished from *Matthews* v. *Matthews,* 1 Edw. Ch. 567, and *Potter* v. *Wheeler,* 13 Mass. 504, which related to the rights of the widow in lands divided by partition in the lifetime of the husband.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill for the assignment of dower by appellant, against appellee. On the hearing the circuit court decreed denying the prayer of the bill, and that the bill be dismissed, and the correctness of this ruling is the question presented for our consideration upon this appeal.

Appellant, as the wife of Nathan P. Herrington, was entitled to an inchoate right of dower in what, in fact, was a

little less than the undivided one-ninth of a tract of land in the city of Chicago, but it was assumed to be, and for the purposes of the question before us it may be regarded as, the undivided one-ninth of the tract. Nathan P. Herrington executed a deed of the undivided half of that ninth to Luther Dearborn. In this appellant's right of dower was not relinquished, although she joined in the execution of the deed,— the certificate of acknowledgment as to her being insufficient. Subsequently, Nathan P. Herrington conveyed the remaining undivided half of that ninth to one Moore, and appellant joined in the execution of that deed, and relinquished her right of dower in due form of law. Afterwards, the owners of the tract platted it, and made it an addition to the city of Chicago, under the name of "Herrington's addition;" and still later, there was a decree for partition by the Superior Court of Cook county, between these owners, setting apart the several lots into which they had subdivided the tract, as the court found the respective parties entitled thereto. Neither Nathan P. Herrington nor appellant was a party to that decree. Nathan P. Herrington died intestate since the decree for partition was rendered, and the present bill totally ignores that partition, and seeks dower in lots that were not therein set apart to Dearborn.

The only question is, whether appellant is concluded by the decree of partition, and limited to dower in the lots set apart to Dearborn. We think clearly she is not. It may be that there is that unity in the character of the interests of the husband and wife that any act done by the husband, or decree rendered against him, in good faith severing his interest from that of other co-tenants, and localizing it as an interest in severalty, is binding upon the wife; but if so, this must be upon the principle that whatever is for the benefit of his interest is for the benefit of her interest, and that whatever is necessary for the protection or defence of the one is necessary for the protection or defence of the other. But

it is obvious this can have no application where their interests are severed by a conveyance of the husband's interest to a stranger. That destroys the unity, and the interests are then, to some extent, hostile and antagonistic. The husband and wife, theoretically, are never rivals in interest, while the stranger owning the fee, and the wife having a dower interest, are, theoretically, to some extent, although it may be but slight, always so. Of course we do not mean the estates are inconsistent and repugnant, but that, as to the extent and duration of the dower estate, the interests of the parties are not identical. If appellee and the other parties to the partition desired to conclude appellant by the decree, they should have made her a party. It is true that Moore's interest ought not to be subject to appellant's claim of dower, but he ought to have known that appellant had an initiate right of dower in the undivided one-half of one-ninth of the tract, and if he desired that should be localized as to particular lots, he should have seen that she was made a party to the decree. The sole misfortune is in attempting to partition the property without paying any attention to appellant's interests. The decree does not bind her, and she is, consequently, entitled to have dower assigned just as if it had never been rendered. *Rank* v. *Hanna*, 6 Ind. 20, is an authority sustaining the present ruling.

What may be the effect of the partition upon the rights of the respective defendants as between themselves, or what part of the property should be taken to answer the rights of complainant, we have not regarded as falling within the scope of our present inquiry, and consequently we do not now decide, it being, in our opinion, sufficient, for the present, that we hold that the extent of appellant's interests in the property is not affected by the decree for partition.

The decree is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*