LEWIS L. COBURN

*v.*

ALMIRA HERRINGTON.

*Filed at Ottawa May 15, 1885.*

1. ACKNOWLEDGMENT OF DEED—*requisites—to release dower—under act of 1853.* Under the act of 1853, relating to conveyances, the certificate of the acknowledgment must show that the wife of the grantor joining with him in a deed was personally known to the officer taking the acknowledgment, or proven by a credible witness, in order to release or bar her dower.

2. DOWER—*effect of subsequent deed for other property.* Where the certificate of the acknowledgment of a deed made by a husband and wife, of a tract of land, is invalid as to the wife, so that the deed fails to release her dower in the premises, a subsequent deed made by her to the same grantee, for other real estate, is not admissible in evidence against her in a suit by her for the assignment of her dower in the first named tract.

3. SAME—*as to land held in severalty—against whom the dowress may proceed.* Where land in which a widow is entitled to dower, has been divided, by partition, between several different parties, she may properly bring a separate suit against the owner of each portion. She may, perhaps, proceed against all in one suit, but she is not compelled to do so.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. LEWIS L. COBURN, *pro se,* contended that the certificate of the acknowledgment of the deed of Nathan P. Herrington, and Almira, his wife, was substantially good under the law of 1853, which declared that no deed, etc., should be held invalid, defective or insufficient by reason of any informality or omission in setting forth the particulars of the acknowledgment,—citing and reviewing the following cases: *Lindley* v. *Smith,* 46 Ill. 523; *Gove* v. *Cather,* 23 id. 634; *Heinrich* v. *Simpson,* 66 id. 57; *Tully* v. *Davis,* 30 id. 103.

Also, that the tract of land was owned by several parties in severalty, and that all the owners should be made parties.

Messrs. FRENCH & HALSEY, and Mr. D. B. SHERWOOD, for the appellee:

As to the sufficiency of an acknowledgment in the form of the one under discussion, we have only to refer to *Brown* v. *Thompson*, 46 Ill. 214, *Lindley* v. *Smith*, id. 523, *Tully* v. *Davis*, 30 id. 103, *Heinrich* v. *Simpson*, 66 id. 57, *Ridgway* v. *Underwood*, 67 id. 419, *Murphy* v. *Williamson*, 85 id. 149, and *Hogan* v. *Hogan*, 89 id. 431.

Proceedings for dower may be against the owner of each separate tract of several; or the dowress may proceed against all jointly. *Allen* v. *McCoy*, 8 Ohio, 418; *Barney* v. *Frowner*, 9 Ala. 901; *Boyden* v. *Lancaster*, 2 P. & H. 198; *Potter* v. *Wilson*, 13 Mass. 504; *Blossom* v. *Blossom*, 9 Allen, 254.

The deed to Moore did not embrace this land.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by Almira Herrington, against appellant, for the assignment of dower in certain premises in Chicago. The case was before us at a former term, and is reported in 108 Ill. 613. When the case was here before, the main question in dispute was as to the effect of a decree of partition upon appellee's claim for dower, neither appellee nor her husband having been a party to the decree. We then held that appellee was not concluded by the decree of partition, and the decree dismissing the bill was reversed, and the cause remanded for another hearing. On the second hearing a decree was rendered in appellee's favor, and Coburn, the defendant in the bill, appealed.

The appellee claimed dower in the premises as widow of Nathan P. Herrington, deceased, who during his lifetime was seized in fee of the premises, and conveyed the property to Luther Dearborn, on May 31, 1857. Appellee joined in the deed, and her claim for dower rests upon a defect in the acknowledgment of the deed. The certificate of acknowledgment is as follows:

"STATE OF ILLINOIS, } *ss.*
   *Whiteside County.* }

"I, John M. Brown, a justice of the peace in and for said county, in the State aforesaid, do hereby certify that Nathan P. Herrington, personally known to me as the same person whose name is subscribed to the foregoing instrument of writing, appeared before me this day, in person, and acknowledged that he signed, sealed and delivered the said instrument of writing as his free and voluntary act, for the uses and purposes therein set forth. And the said Almira Herrington, wife of the said Nathan P. Herrington, having been by me examined, separate and apart and out of the hearing of her husband, and the contents and meaning of the said instrument of writing having been by me made known to her, acknowledged that she had freely and voluntarily executed the same, and relinquished her dower to the lands and tenements therein mentioned without compulsion of her said husband, and that she does not wish to retract the same.

"Given under my hand and seal, this 18th day of April, A. D. 1857.      JOHN M. BROWN, *J. P.* [Seal.]"

The act of 1853, regulating conveyances in this State, (Laws of 1853, p. 89,) was in force at the time the deed in question was acknowledged. This act provides that no officer shall take the acknowledgment of any person to any deed unless the grantor shall be personally known to the officer, or shall be proved by a credible witness; and the officer shall state in his certificate that such person was personally known, etc. It also provides that a married woman may release her dower in lands by joining with her husband in a deed of conveyance, and appearing before an officer and acknowledging such deed; and if such woman shall not be personally known to the officer to be the person who executed the deed, he shall ascertain the fact by the testimony of a competent witness; and if the woman acknowledges, on an examination separate and apart from her husband, that she executed the deed and

relinquished her dower, the officer shall annex a certificate to the deed, stating that such woman was personally known to him or was proven to be the person who subscribed the deed, etc. This act clearly and explicitly requires the certificate of the officer to show that the wife was personally known or proven by a credible witness, in order to release the dower, and as the certificate of acknowledgment does not comply with the statute in this regard, it was not sufficient to bar her dower in the premises conveyed. This question has been decided by this court in a number of cases, in some of which dower, only, was involved, while in others the question was whether the fee of a married woman would pass where the certificate of acknowledgment was defective. *Lyon* v. *Kain,* 36 Ill. 363; *Lindley* v. *Smith,* 46 id. 524; *Heinrich* v. *Simpson,* 66 id. 57.

After the partition proceedings, Almira Herrington made Luther Dearborn a quitclaim deed of the lots which had been assigned to him. This deed appellant offered in evidence, but the court excluded it, and the decision is claimed to be erroneous. If the deed. had embraced any of the property involved in this case, then it would have been proper evidence; but as it did not, the deed could have no bearing whatever on the rights of the parties. The fact that appellee released her title and interest in certain lots owned by Dearborn, could not in any way affect the property in litigation between her and appellant.

It is also contended that others who own a part of the same tract of land, are necessary parties to the proceeding. Where a widow has dower in a tract of land which has been divided between several different parties, she may properly bring a separate action against each owner. (*Allen* v. *McCoy,* 8 Ohio, 418.) Perhaps she might, if she saw proper, bring an action against all, but she was under no obligation to do so.

It is also said that under the evidence of Almira Herrington it does not appear that her husband had an interest in the

premises after the deed he and his wife made to Alexander B. Moore. It does not definitely appear from the evidence what property was conveyed to Moore,—or, at least, there is an entire want of evidence to show that Almira joined in a deed conveying the property involved in this action, to any person.

Some other questions have been raised, but they were disposed of when the case was before us at a former term, and it will not be necessary to go over them again.

The decree of the circuit court will be affirmed.

*Decree affirmed.*