| 95 | 13 |
| 99 | 17 |
| --- | --- |
| 95 | 13 |
| 104 | 592 |
| --- | --- |
| 95 | 13 |
| 128 | 184 |
| --- | --- |
| 95 | 13 |
| 134 | 507 |
| --- | --- |
| 95 | 13 |
| 87a | 176 |

*(Continued from Volume 94.)*

## POWELL v. GREENSTREET, *Appellant.*

1. **Ejectment**: SHERIFF'S DEED: TAX SALE. A purchaser under a back-tax sale acquires only the title of the defendant in the tax suit.

2. ——— : ——— : ——— : STATUTE. Revised Statutes section 6839, which declares that the sheriff's deed "shall be *prima-facie* evidence of title, and that the matters and things therein stated are true," only makes the deed evidence without production of the judgment or execution. It is no evidence that the defendant in the tax suit was the owner of the land.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

REVERSED AND REMANDED.

*H. Lander* and *A. W. Myers* for appellant.

Execution sales of land under the back-tax law of

1877 stand on the same ground as ordinary execution sales of land; and the purchaser acquires only the title or interest of the defendant in execution and nothing more. Acts 1877, pp. 384–5–6–7, secs. 6, 7, 8; *Watt v. Donnell*, 80 Mo. 195; *Vance v. Corrigan*, 78 Mo. 94; *Jasper Co. v. Wadlow*, 82 Mo. 172–78; *Caswell v. Gray*, 85 Mo. 169; *Payne v. Lott*, 80 Mo. 676. A tax sale does not create a new and original title, but only passes that of the defendant in the tax proceeding. *Gaines v. Fender*, 82 Mo. 507; *Abbott v. Lindenbower*, 42 Mo. 167; *Hume v. Wanscott*, 46 Mo. 145.

*Sears & Guthrie* with *W. N. Rutherford* for respondent.

The recitals in the two deeds introduced by plaintiff conveyed a title to plaintiff, the deeds by statute being *prima-facie* evidence of title. R. S., sec. 6839; *Morton v. Reeds*, 6 Mo. 64; *Hunt v. McFadden*, 20 Ark. 284; *Norris v. Russell*, 5 Cal. 249; *Young v. Rheinockle*, 25 Kan. 367; *Wright v. Dunham*, 13 Mich. 414; *Marshall v. Benson*, 48 Wis. 558.

BLACK, J.—Action of ejectment. Plaintiff put in evidence two deeds to himself, each for different portions of the premises sued for. The deeds were executed by the sheriff of Macon county, and are based upon judgments recovered in the name of the state to the use of the collector, in suits to enforce the state's lien for unpaid taxes. In one case the judgment was rendered against Mathsulah Bevier and W. D. Hicks, and in the other against W. D. Hicks. Plaintiff offered no other evidence of title whatever. It was admitted that the land had always been vacant up to the time defendant went into possession; that he had possession at the commencement of the suit, but it does not appear when or under whom he acquired possession.

It must be taken as settled law, that purchasers at

these sheriff's sales, made on executions in tax suits, acquire only the right, title, and interest of the defendants in the tax suits. *Watt v. Donnell*, 80 Mo. 196; *Boatmen's Savings Bank v. Grewe*, 84 Mo. 478; *Evans v. Robberson*, 92 Mo. 192. But conceding this, the plaintiff then insists that the deed makes out a *prima-facie* case of title in the grantee, that is to say of former ownership of the land by the defendants in the tax suits. This claim is based on section 6839, Revised Statutes, which declares that the deed "shall be *prima-facie* evidence of title, and that the matters and things therein stated are true." The effect of this section is to make the deed evidence, without production of judgment or execution; but it is evidence of no more than it, in contemplation of law, purports to be, namely, a conveyance of all of the title of the defendants in the execution. It is no evidence that the defendants in the special execution were the owners of the land. In this respect the deed is not unlike sheriffs' deeds in general. They are made evidence of the facts recited, but it has never been held or supposed that the deed was evidence of title to the land sold in the judgment debtor. Some other questions are discussed in the briefs, but it is useless to consider them upon the present state of the record.

The judgment is reversed and the cause remanded. Ray, J., absent; the other judges concur.