SETH K. HUMPHREY, APPELLEE, V. OLIVER M. HAYS ET AL., APPELLANTS.

FILED OCTOBER 22, 1909. No. 15,787.

1. Taxation: VOID DECREE: CONSTRUCTIVE SERVICE. A decree foreclosing a tax lien based upon service by publication, where the owner of the land is a resident of this state upon whom personal service of summons could have been made, and the affidavit for service contains no statements which would authorize constructive service upon the land against which the taxes were assessed, is void; and such a decree may be attacked in an action to redeem the premises from the lien for taxes and remove the cloud created thereon by such void decree.

2. ————: ————: REDEMPTION. In such a case the plaintiff should be allowed to redeem upon the payment of the tax lien, the taxes subsequently paid on the premises, together with the interest thereon, and the value of the permanent improvements, if any,

made upon such premises by the purchaser or those claiming under him.

3. Quieting Title: TAXATION: EQUITY. In an action to quiet title as against a sale for taxes made under a void decree of court, an offer to pay such sum as the court may find due the defendants on account of any lien for taxes paid is a sufficient offer to do equity and a sufficient tender of any taxes due the defendants. *Payne v. Anderson*, 80 Neb. 216.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*E. D. Kilbourn,* for appellants.

*Jackson & Kelsey, contra.*

BARNES, J.

Action to quiet title to the southwest quarter of section 7, township 24, range 8 west, in Antelope county, Nebraska. Plaintiff had judgment, and the defendant has appealed.

It appears that on and prior to the 8th day of September, 1899, the Stapleton Land Company, a corporation duly organized under the laws of the state of Nebraska, having its principal place of business in Douglas county, was the owner of the land in question; that taxes for the years 1893, 1894, 1895, 1896, 1897 and 1898 had been assessed against the land and at that time were due and delinquent; that on the date first above mentioned the county of Antelope filed its petition in the district court to foreclose its tax lien thereon; that a decree was rendered in said action and the land was sold thereunder to Emmett Hays, one of the defendants herein, who received a sheriff's deed therfor; that thereafter he conveyed the premises to his codefendant Oliver M. Hays. It further appears that the Nebraska Farm Land Company, successor to the Stapleton Land Company above mentioned, took over all of the real estate of the former company and became the owner thereof, and in October, 1904, sold

and conveyed the premises in question to the plaintiff herein; that thereafter plaintiff commenced this action for the purpose above mentioned, and alleged in his petition, among other things, that at the time the action was commenced the then owner of the premises was a corporation organized and existing under the laws of the state of Nebraska, having its principal place of business in Douglas county, Nebraska, where for many years both before and after the commencement of the action it was carrying on its business and maintaining an office where personal service of summons could have been had and made in said foreclosure suit in the manner provided by law; that notwithstanding that fact, which was well known to the plaintiff in the tax foreclosure suit, no service was had or made upon the then owner of the land, the principal defendant therein, and that the only service of summons in said case was by publication; that the affidavit for such service was insufficient to authorize service upon the land as an action *in rem,* and that because of the fact of its insufficiency, and because the plaintiff in that action could have obtained personal service of summons upon the then owner of the land, which was a Nebraska corporation, and whose place of business at that time was in Douglas county, in said state, the court never acquired any jurisdiction to enter a decree foreclosing the lien of Antelope county for the taxes which had theretofore been assessed against the premises; that said judgment and decree under which the land in question was sold to Emmett Hays was void, and that he acquired no title to the premises thereby.

There seems to be no dispute as to the truth of the foregoing statements. It is claimed, however, on the part of the defendants, that the service by publication above mentioned was not void; that the proceedings in the foreclosure suit were regular, and transferred the title of the land in question to the defendants herein. In support of this contention *Loney v. Courtnay,* 24 Neb. 580, is cited.

19

That was a case to quiet title and redeem from what was alleged to be a void foreclosure sale. There, as here, it was claimed that there was no service other than by publication. There, as here, the owner of the premises, who was made a party defendant, was a resident of the state and summons could have been served upon him therein. A decree was rendered for the plaintiff without requiring him to pay the amount due upon the mortgage. On appeal to this court, the decree of the district court was modified so as to require the plaintiff to pay to the defendant the unpaid balance of the mortgage debt, together with the interest thereon, within 90 days, and, as thus modified, the judgment of the district court was affirmed. Cases are cited by counsel for the defendant on plaintiff's other objections to the service, but, as this case must be determined upon the point first above mentioned, it is unnecessary to consider them.

In *Bayrs v. Nason*, 54 Neb. 143, the precise question here presented was determined. That was a suit to quiet the title to certain real estate belonging to the plaintiff which had been sold under a decree of foreclosure where the only service made was by publication. It appeared that the owner of the equity of redemption was made a party, and when constructive service was made on him he was a resident of the state, and actually present therein. It was held that the plaintiff, who was the heir at law of the defendant in the foreclosure suit, might show that the averments of the affidavit to procure constructive service upon his ancestor—that he was then a nonresident of the state, and that service of summons could not be had on him in the state—were false; and, upon such proof having been made to the satisfaction of the court, it was declared that the sheriff's deed held by the defendant was void. It was thereupon canceled as a nullity and a cloud upon plaintiff's title, and he was allowed to redeem the real estate from the lien of the mortgage.

In *Wood Harvester Co. v. Dobry*, 59 Neb. 590, it was held that a summons served constructively on a resident

of the state, who has neither absconded nor concealed himself with intent to defraud creditors or avoid service of process, does not confer jurisdiction over the person of the defendant, or justify a rendition of a judgment condemning his property.

In *Hayes County v. Wileman,* 82 Neb. 669, it was said that a judgment rendered on service by publication against a resident of this state on whom personal service might have been had is absolutely void. In that case it appeared that Hayes county had obtained a decree foreclosing its tax lien upon the premises in question. After decree and sale the owner of the land filed a motion to set aside the judgment and the deed executed by the sheriff upon the sale of the premises thereunder, and asking that he be allowed to redeem from the tax lien. The trial court refused the relief asked for, and upon appeal to this court the judgment was reversed, the owner was allowed to redeem, and his title was quieted upon his payment of the amount of taxes and interest due upon the land. Such has been the uniform holding of the court upon that question.

It is claimed, however, by the defendants that the plaintiff's petition in this case was insufficient, in that, there was no proper offer or tender of the payment of the taxes included in the foreclosure decree. In *Payne v. Anderson,* 80 Neb. 216, it was held that a judgment or decree affecting the title to land owned by a resident of this state where the only notice is by publication is void where no appearance was made by or for such resident; that, in an action to quiet title as against a sale for taxes made under a void decree of the court, an offer to pay such sum as the court may find due defendants on account of any lien for taxes paid is a sufficient offer to do equity and a sufficient tender of any taxes due the defendant. The petition in this case contained such an offer, and it follows that our former rulings upon the question involved in this suit require us to affirm the judgment of the district court, which is accordingly done.

AFFIRMED.