Clarence v. Cunningham.

HARVEY J. CLARENCE ET AL., APPELLEES, V. ALONZO CUNNINGHAM ET AL., APPELLANTS.

FILED MARCH 28, 1910. No. 15,940.

1. **Taxation:** VOID DECREE: CONSTRUCTIVE SERVICE. In a personal action to foreclose a tax lien against the owner of the fee, who is a resident of the state upon whom personal service can be made within the state, service by publication only is void.

2. ———: ———: REDEMPTION. When a decree foreclosing a tax lien is set aside as void for want of service, the owner of the fee should be allowed to redeem from the tax liens as though no such decree had been entered.

APPEAL from the district court for Chase county: ROBERT C. ORR, JUDGE. *Affirmed.*

*P. W. Scott* and *Charles W Meeker,* for appellants.

*John C. Watson, contra.*

SEDGWICK, J.

The Western Land Company purchased the land involved in this suit at the treasurer's tax sale, and afterwards began an action in the district court for Chase county to foreclose the lien. Henry Clarence, who was then the owner of the land, and his wife were made defendants, and also the county of Chase. The county filed a cross-petition setting up its lien for subsequent taxes, and such proceedings were had in the action that in April, 1900, a decree was entered foreclosing the tax lien of the plaintiff in that action, and of the defendant, the county of Chase. A sale was had on this decree, and the defendants claim under that sale. The plaintiffs are the heirs of the said Henry Clarence, and brought this action to redeem from the said sale. It was conceded that Henry Clarence at the time the said foreclosure proceedings were brought was a resident of this state, and that no service was made upon him except service by publication. On the trial of the case the district court held that this service was void. This holding was right, under the well-established rule in this state. *Humphrey v. Hays,* 85 Neb. 239; *Herman v. Barth,* 85 Neb. 722, and cases cited.

The court entered a decree allowing the plaintiffs to redeem upon the payment of the amount paid by the Western Land Company to the county treasurer at the tax sale, and the subsequent taxes paid by the Western Land Company and Alonzo Cunningham, who was the purchaser at the foreclosure sale, and subsequent taxes paid by those claiming under him, together with interest on the sums so paid at 12 per cent. per annum. It is contended by the defendants that the court should require the plaintiffs to pay the amount of the purchase price paid under the foreclosure proceedings, together with interest thereon at

12 per cent. per annum from the date of the sheriff's sale under the foreclosure. The difference in computation would be about $70. In *Butler v. Libe*, 81 Neb. 740, it is said: "Redemption may be made upon the payment to the purchaser of the amount of his bid, with 12 per cent. interest thereon to the time of such redemption, together with the amount of subsequent taxes paid by defendant, with interest thereon at the rate borne by such subsequent taxes under the statute." In that case there was no administrative sale. The action was brought by the county to foreclose the lien for taxes. The service was regular and the decree of foreclosure was valid. The owner of the land was allowed to redeem under the constitutional provision allowing redemption within two years after a sale for taxes. It was held that this provision applied to judicial sales as well as administrative sales. The defendant was allowed to redeem from the judicial sale, but was required to pay the amount paid by the purchaser at that sale, with interest thereon. It is not necessary to re-examine the question there decided, since in the case at bar the judicial sale was void, and the redemption is from the treasurer's tax sale. In such case the rule applied by the district court in this case is the correct one.

The judgment of the district court is

AFFIRMED.