MARY HENZE, APPELLANT, V. JOHN MITCHELL ET AL.,
APPELLEES.

FILED FEBRUARY 25, 1913. No. 16,649.

1. **Taxation:** REDEMPTION: RIGHT OF WIFE. Before the repeal of the act authorizing the existence of the dower interest of the wife in the husband's lands, she had a property right therein, which she should be allowed to protect by the proper action as against the imprudence or neglect of her husband, and she is *held* entitled to protect such right as well before her husband's death as afterwards, and, where the husband neglected to redeem such land from a sale for taxes, the wife had a right to maintain her action to redeem from such tax sale.

2. ———: ———: ———. Where, in an action to set aside a tax sale, or to be allowed to redeem from the lien of the same, it is admitted by the owner of the tax lien sought to be set aside or redeemed from that the land on which the same is a lien belonged to the plaintiff's husband at the time of the original decree of foreclosure and sale, and that the wife had a dower right in such land, it follows that she is at liberty to protect her interest in the premises by the maintenance of the proper action to redeem.

3. **Process:** VALIDITY. The alleged service upon the wife in the original case examined, and *held* to be void.

4. **Taxation:** REDEMPTION: RIGHT OF WIFE. Where, in a proceeding to foreclose a tax lien, no sufficient service was had upon the wife, who was admitted by the answering defendant to hold a dower interest in the lands of her husband, she will be allowed to redeem from a tax sale as though no such decree had been entered.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Reversed with directions.*

*Allen G. Fisher, William P. Rooney,* and *Andrew M. Morrissey,* for appellant.

*Cornelius Patterson* and *Albert W. Crites, contra.*

HAMER, J.

This action was brought by the plaintiff, Mary Henze, against John Mitchell and George H. Henze to redeem her

alleged homestead from alleged tax liens. The petition was filed in the instant case December 15, 1908. It alleged a sheriff's sale of the premises in controversy to the defendant John Mitchell under a decree of foreclosure describing certain tax liens, and that the decree was void as to the plaintiff for the lack of service upon her. The prayer was, to be allowed to redeem from the tax liens and to quiet title in the plaintiff. January 16, 1909, there was service upon the defendant Mitchell. March 29, 1909, there was a decree in favor of the plaintiff upon the evidence taken and according to the prayer of the petition. It was rendered on a default. April 8, 1909, the defendant Mitchell filed an answer to the plaintiff's petition; but there is no showing that this was done by leave of the court. March 4, 1910, the plaintiff filed a reply to this answer, in which she insists upon her decree of March 29, 1909, and denies the allegations of new matter contained in the answer. February 21, 1910, there was a hearing, according to the bill of exceptions, upon the application to vacate the decree of March 29, 1909. This proceeding is not shown by the transcript to have been journalized. The first bill of exceptions appears to have been signed by the judge April 29, 1910, and refers to the affidavits given in evidence upon the application to vacate the decree, and on which the hearing seems, by the said bill of exceptions, to have been had. March 4, 1910, there was a hearing and an order dismissing the plaintiff's petition. Also, the plaintiff's motion to set aside said order was denied. The second bill of exceptions is signed by the trial judge April 19, 1910, and recites the giving of certain evidence on behalf of the plaintiff, which is therein specified, and also on behalf of the defendant recites "his motion for a judgment of dismissal, which motion was sustained." The petition in the instant case alleged, among other things, that on and prior to February 23, 1900, the plaintiff was the owner and entitled to the immediate possession of the N. W. $\frac{1}{4}$ of section 18, township 31 north of range 46 west, in Sheridan county; that

the title of record to said real estate was in the defendant George H. Henze, the husband of the plaintiff, "and as a family plaintiff and said defendant George H. Henze \* \* \* were residing upon the said real estate as their homestead at the dates mentioned;" that the decree in favor of the plaintiff found that on January 16, 1909, in said county of Sheridan, the defendant John Mitchell was duly served with a summons requiring him to answer the petition on or before February 8, 1909, and that the defendant George H. Henze had entered his general appearance in the case, and had waived the service of the summons; that each defendant was in default of a pleading; that the facts stated in the petition were true; that the plaintiff was entitled to the relief prayed in said petition; that the plaintiff was entitled to redeem from the purported sale and decree and sheriff's deed upon tax sale foreclosure, upon payment into court, for the benefit of the defendant John Mitchell, of the sum of $281.10, being the amount paid at the sale, with 12 per cent. per annum from date of the said sale until date of the decree, and the taxes since that date paid by Mitchell upon said tract, allowing therefrom as mesne profits a sum equal to the annual taxes paid. It was decreed that the title should be quieted in the plaintiff, "and as her homestead, free and clear from any lien, claim or demand of any person or corporation," and free from any tax lien, claim or mortgage of any person, upon the payment into court of said sum of $281.10 for the benefit of the defendant Mitchell. The decree in favor of Mary Henze was fully supported by the allegations of the petition; the trial court took the evidence; and it is not shown that the evidence failed to support the decree rendered.

The facts upon which the foreclosure is alleged to have been void as to the plaintiff are recited in the petition in the instant case: That on February 23, 1900, a petition was filed in the district court for Sheridan county, entitled "The County of Sheridan, Plaintiff, v. George H. Henze, and *Mrs. Henze, his wife, Christian name unknown*,

E. S. Ormsby, Trustee, and the American Investment Company, and John Mitchell, Defendants;" that the purpose of that case was to foreclose an alleged tax lien against the land in controversy; that there was never any sale of said real estate for taxes by the county treasurer; that the land had not been assessed, and that the taxes had not been extended against it; that the petition falsely stated in the verification that the Christian name of Mary Henze was unknown to the county attorney in that case, and to the said John Mitchell, when the same was known; that this was done to prevent Mary Henze from having a knowledge of the pendency of the action; that a purported cross-petition was filed in the said case of the County of Sheridan v. George H. Henze et al. by the defendant John Mitchell, in which he claimed to own a tax lien upon the premises sought to be foreclosed; that the said cross-petition failed to state a cause of action; and that no proof of publication of the delinquent tax list was ever filed in said county.

The plaintiff in the instant case stated in her petition that no summons was served upon her or delivered to her, and that she had not waived the same; that she did not have any knowledge of the facts until about August, 1907; that a purported sheriff's deed was made to the said John Mitchell, who became the purchaser at said sale; that the said defendant John Mitchell had promised the defendant George H. Henze that, if he, the said George H. Henze, would not bid at the sheriff's sale, then that he, the said John Mitchell, would convey the said tract by deed to the said defendant George H. Henze, but that said Mitchell failed to so convey said premises, and refused to permit a redemption thereof from said sale; that said defendant John Mitchell filed an answer in the instant case, which admits that the plaintiff, Mary Henze, had an inchoate dower interest in the land in controversy as the wife of the defendant George H. Henze, and denied that he had ever entered into any agreement with the said George H. Henze to purchase said land at sheriff's sale and convey

the same by deed, or otherwise, to the said George H. Henze, and denied that he had ever permitted the redemption of the said premises; that said Sheridan county got its decree against said George H. Henze and the plaintiff for $7.41 taxes and interest, which was represented by the said tax sale certificate claimed to be held by said John Mitchell; that on the 22d of November, 1899, said Sheridan county and the said John Mitchell sued out their order of sale, and caused the sheriff to appraise and sell said land on the 26th of December, 1899, and that the sheriff sold the same to the said John Mitchell for $130.75, which said John Mitchell then paid to the sheriff; that the said county of Sheridan procured in said court an order confirming said sale, and directing the sheriff to execute and deliver a deed for said land to the said John Mitchell.

The summons in the foreclosure case was apparently served upon Mrs. Henze by leaving an alleged certified copy at her usual place of residence. Her Christian name is not in the summons. She is not sued as Mary Henze, nor does the record disclose the fact that she is Mary Henze. This sort of service cannot be defended under the decisions of this court in the foreclosure of tax liens, and some other cases. *Enewold v. Olsen*, 39 Neb. 59; *Butler v. Smith*, 84 Neb. 78; *Herbage v. McKee*, 82 Neb. 354. And where there is no service, or no sufficient service, the judgment against the person who should have been served is void, and such person may redeem from the sale made. *Clarence v. Cunningham*, 86 Neb. 434; *Humphrey v. Hays*, 85 Neb. 239; *Smith v. Potter*, 92 Neb. 39; Code, sec. 148.

In *Enewold v. Olsen, supra,* this court held that the name of a person consists of one given name and one surname, and, using the given name first and the surname last, constitute such person's legal name, and that to be ignorant of either is to be ignorant of such person's name, within the meaning of section 148 of the code; that the law requires that a defendant shall be sued by his true name, if the same is known or can be ascertained by the party

suing him; and that, under section 69 of the code, a court obtains no jurisdiction over the person of a defendant served with a summons by leaving a copy at *his usual place of residence,* unless such defendant is described by his true name, except in cases brought under section 23 of the code; and it was also held, under section 148 of the code, that if a defendant is sued by any name and description other than his true name, except in actions brought under section 23 of the code, a court acquires no jurisdiction over him by the sheriff leaving a copy of the summons at such defendant's usual place of residence. It was held in such case that the court acquired no jurisdiction by a copy of the summons left at the defendant's usual place of residence, and that a judgment rendered against him in the name of "F. Olsen, full name unknown," was a nullity. Section 148 of the code provides: "When the plaintiff shall be ignorant of the name of a defendant, such defendant may be designated in any pleading or proceeding by any name and description, and when his true name is discovered, the pleading or proceeding may be amended accordingly. The plaintiff in such case must state, in the verification of his petition, that he could not discover the true name, and the summons must contain the words 'real name unknown,' and a copy thereof must be served *personally upon the defendant.*" The record shows that this was not done in the instant case. If she had any interest in the premises, her right could not be extinguished except the summons was *personally* served upon her. *Butler v. Smith,* 84 Neb. 78; *Herbage v. McKee,* 82 Neb. 354.

The plaintiff contends for the right to protect that which she alleges was her homestead. It is claimed by the defendant Mitchell that, at the time the decree in favor of the plaintiff was set aside, the evidence fails to sustain the homestead claim. It is admitted by his answer that the plaintiff, Mary Henze, was the wife of the defendant George H. Henze, and that she had an inchoate right of dower in the premises at the time they were sold, because of the ownership of her husband. *Blevins v. Smith,* 104

Mo. 583, 13 L. R. A. 445, is cited as authority for the defendants' contention. We do not so understand it. It is said in that case that Missouri has "by statute adopted the common law in regard to dower." The court then quotes from Lord Coke: "There be three things highly favored in law, *life, liberty,* and *dower.*" The opinion also copies from Chief Justice McKean in *Kennedy v. Nedrow,* 1 Dal. (U. S.) *415: "Dower is a legal, an equitable and a moral right, * * * favored in a high degree by law, and, next to life and liberty, held sacred." This is followed by the language of the Missouri statute securing to the wife her common law and statutory dower. The court then say: "The right of dower attaches whenever there is a seizin by the husband, during the marriage, of an estate of inheritance, and, unless it is relinquished by the wife in the manner prescribed by law, it becomes absolute at the husband's death." Section 4901, Ann. St. 1903, was in force at the time of the sale of the land under the tax foreclosure. It reads: "The widow of every deceased person shall be entitled to dower, or the use, during her natural life, of one-third part of all the lands whereof her husband was seized, of all estate of inheritance at any time during the marriage, unless she is lawfully barred thereof." Among other things the Missouri supreme court say: "Indeed, the whole system is based on the idea that it is the duty of the husband to pay the taxes on his land. And a failure to pay the taxes is a default on his part. The wife is under no obligation to pay the tax. She does not own the fee; she does not reap the usufruct; certainly no system based upon justice would exact of her a tribute on property she might never enjoy, and rob her of her dower for failure to pay a tax she did not owe." It is further said: "An ordinary execution sale conveys to the purchaser all the right, title, and interest of the defendant in execution, but it has no effect upon the inchoate dower of the wife." The court quotes from *Graves v. Ewart,* 99 Mo. 13, *Powell v. Greenstreet,* 95 Mo. 13, and *Gitchell v. Kreidler,* 84 Mo. 472. In *Powell v. Greenstreet,* the judge

who delivered the opinion is quoted as saying: "It must be taken as settled law that purchasers at these sheriff's sales, made on executions in tax suits, acquire only the right, title, and interest of the defendants in the tax suits." In *Blevins v. Smith, supra,* it is said: "We regard the dower right as of inestimable value to the homes of this state. The trend of public opinion is rather to enlarge, as our homestead laws clearly indicate, than to cut off this sustenance of the widow." The statute is cited "as a monument to the wisdom and humanity of our commonwealth."

When dower once attaches, the husband cannot, by any act or admission of his, defeat it, and no judgment rendered against him will prejudice the right and interest of the wife. *Grady v. McCorkle,* 57 Mo. 172; *Williams v. Courtney,* 77 Mo. 587.

The right of dower, when marriage and seizin unite, is vested and absolute, and is as completely beyond legislative control as is the principle established. *Russell v. Rumsey,* 35 Ill. 362; *Steele v. Gellatly,* 41 Ill. 39.

The power of the legislature to cut off the inchoate right of dower may well be doubted. *Dunn v. Sargent,* 101 Mass. 336.

In *Davis v. Green,* 102 Mo. 170, 11 L. R. A. 90, it was held that the sheriff's deed to the husband gave the plaintiff dower in the land, and that no act or declaration of the husband could divorce the same or impair it.

In *Seibert v. Todd,* 31 S. Car. 206, 4 L. R. A. 606, it was held that, where the seizin of the husband is accompanied at its inception with a lien, the inchoate right of dower of the wife attaches in subordination and subject to the lien.

In *Bullard v. Bowers,* 10 N. H. 500, the mortgage contained a condition that the mortgagor should provide a good and comfortable home in the dwelling-house on the mortgaged premises, and a good bed for the use and benefit of Asahel Bullard during his natural lifetime, and also pay to him $300 when he might be in need of the same for his support by reason of old age; and it was held that, so long as the mortgagee had not demanded a performance of

the condition, it remained unbroken, and that the widow of the mortgagor could not be debarred of dower.

In 1 Scribner, Dower (2d ed.), it is said in section 3, p. 481: "It was settled in the English courts of equity at an early day that as to all charges and incumbrances upon the husband's land valid and effectual against the wife, which were in their nature redeemable, there was conferred upon her, *by reason of her interest in the premises,* a right of redemption." Many English cases are cited in the note to this section, among which are *Hitchens v. Hitchens,* 2 Vern. (Eng.) 403; *Hamilton v. Mohun,* 1 Will. P. (Eng.) 118; *Squire v. Compton,* 9 Vin. Abr. (Eng.) 227. It is said in the same section that, when in the United States the right of the widow to be endowed was extended to equities of redemption of mortgages in fee, it followed as an incident thereof that she was entitled to redeem. "And accordingly it is the general, if not the universal, American doctrine that the widow may redeem the husband's lands from an existing incumbrance, and thus entitle herself to dower even as against the mortgagee."

In *Hugunin v. Cochrane,* 51 Ill. 302, 2 Am. Rep. 303, it was held that where a husband purchased lands, giving his notes as security for the purchase price, and afterward, by his sole deed, reconveyed the lands to the vendor as a satisfaction of the notes, the wife's right of dower did not attach.

In *Williams v. Kinney,* 43 Hun (N. Y.) 1, it was held that "the equitable dower of the widow was subject to the equitable lien existing in favor of Huntington (the vendor), but that she had an equitable claim to have the personal estate exhausted in discharge of the personal obligation of the husband under the contract of purchase." The right to have the personal estate exhausted emphasizes the high regard of the court for the dower interest of the widow.

In *McClure v. Harris,* 12 B. Mon. (Ky.) 261, it is said that the widow was entitled to dower in all the land em-

braced in the mortgage which had been given by her husband.

In *Blair v. Thompson,* 11 Grat. (Va.) 441, it was held that, where W. gave a bond and security for the purchase price, the vendor's lien was not retained, and that his widow was entitled to dower in the land.

In *Steuart v. Beard,* 4 Md. Ch. 319, it was held that, where the husband had an equitable interest in the land conveyed by G. to S. subject to the payment of the sums secured by a deed, but not liable to the judgment so as to defeat the widow's title to dower, judgment having been recovered after the marriage, it was subordinate to the claim of dower, which commenced with the marriage and the purchase of the land by the husband.

In *Clements v. Bostwick,* 38 Ga. 1, it was held that, when the husband of a married woman died seized and possessed of a tract of land to which he held the legal title, the widow was entitled to her dower therein, and that the vendor's equitable lien for part of the unpaid purchase money, which was not enforced during the lifetime of the husband, would not override or defeat the widow's legal right to her dower in the land.

In *Meigs v. Dimock,* 6 Conn. 458, it was held that the widow's right of dower would be protected as against a sale by an administrator for the payment of the grantee's debts, and against D. who had gone into possession of the premises and made repairs and improvements under a conveyance from C., who was the grantee of A.

Cameron, Law of Dower (p. 4), cites Blackstone, and says: "The right of a widow to dower did not originate from any legislative or other law, but, as Blackstone says, from that ancient collection of unwritten maxims and customs called the Common Law, however compounded, or from whatever fountains derived which had subsisted immemorially." He further says (p. 5) : "Dower was intended for the sustenance of the widow and the nurture and education of the children, and is paramount to the debts of the husband even owing to the Crown."

In *Adler & Sons Clothing Co. v. Hellman,* 55 Neb. 266, it is said in the syllabus: "The dower right of a wife in the real estate of her husband while inchoate is not a possessory right, but is a present, subsisting right or interest of a legal character, and can only be extinguished by the voluntary release or act of the wife, or operation of law." *Butler v. Fitzgerald,* 43 Neb. 192; *Wylie v. Charlton,* 43 Neb. 840.

"Marriage and seizin are essential to the existence of an inchoate right of dower, as has already been noticed in respect to a widow's dower right." 14 Cyc. 926, citing *Price v. Hobbs,* 47 Md. 359; *Scott v. Howard,* 3 Barb. (N. Y.) 319.

"When it becomes necessary to determine the value of the wife's inchoate dower interest in her husband's lands, it is competent to show the age, health, and habits of both the husband and the wife, and also to consult mortality tables of recognized authority." 14 Cyc. 926, citing *Sedgwick v. Tucker,* 90 Ind 271; *Unger v. Leiter,* 32 Ohio St. 210; *Mandel v. McClave,* 46 Ohio St. 407, 15 Am. St. Rep. 627, 5 L. R. A. 519; *Strayer v. Long,* 86 Va. 557, 10 S. E. 574.

"An inchoate right of dower is a subject of judicial protection" 14 Cyc. 926, citing *Buzick v. Buzick,* 44 Ia. 259, 24 Am. Rep. 740; *Atwood v. Arnold,* 23 R. I. 609, 51 Atl. 216.

"It has been held, therefore, that the wife may sue in her own name to set aside a deed or other instrument made by her husband in fraud of her dower." 14 Cyc. 926, citing *Buzick v. Buzick,* 44 Ia. 259, 24 Am. Rep. 740; *Clifford v. Kampfe,* 147 N. Y. 383; *Simar v. Canaday,* 53 N. Y. 298, 13 Am. Rep. 523; *McClurg v. Schwartz,* 87 Pa. St. 521.

"It has also been held that, where lands are sold on foreclosure and a surplus remains after satisfying the mortgage debt, the wife's portion thereof may be invested for her benefit free from the claims of creditors, judgment or otherwise, the income thereof to be paid to the husband during their joint lives, and to her during her own life if

she survive her husband." 14 Cyc. 927, citing *Matter of Brooklyn Bridge,* 75 Hun (N. Y.) 558; *Wheeler v. Kirtland,* 27 N. J. Eq. 534.

"The proceeds of a married woman's sale of her inchoate dower interest in her husband's land, although invested in other land, are a part of her separate estate, and not subject to execution for her husband's debts." 14 Cyc. 927, note, citing *Beals' Ex'r v. Storm,* 26 N. J. Eq. 372.

"In the absence of statutory provision to the contrary, when the wife's inchoate dower right has once attached, it cannot be divested, except by some act of her own, done according to the forms and in the manner prescribed by statute." 14 Cyc. 929, and cases cited.

As a rule, the wife will not be precluded by judgments in actions to which she is not a party. *Herrington v. Coburn,* 108 Ill. 613; *Wilkinson v. Parish,* 3 Paige Ch. (N. Y.) *653; *Foster v. Hickox,* 38 Wis. 408; *Greiner v. Klein,* 28 Mich. 12.

There must be a strict compliance by the tax sale purchaser or his assignee with each condition imposed by the statute, or the sale is void, the deed void, and redemption should be permitted. *Peck v. Garfield County,* 88 Neb. 635. In that case Judge FAWCETT, delivering the opinion of this court, said that the unsworn return of the man who was sheriff was not the kind of proof required by the statute (which was an affidavit), and that it was, therefore, not competent evidence; that a tax deed issued upon such a certificate was void, and the court erred in refusing to permit the plaintiff to redeem. Also, in *Thomsen v. Dickey,* 42 Neb. 314, this court construed section 3, art. IX of the constitution, and section 123, art. I, ch. 77, Comp. St. 1893, and, reaffirming *Larson v. Dickey,* 39 Neb. 463, said the notice to redeem must be served upon the very party designated by the statute, and must contain the precise information required, and that the statements required were as jurisdictional as the service of the notice. When by its terms it is obvious that a tax deed does not convey a title, "it fails utterly to affect the rights of the original

22

owner." *Conners v. City of Lowell,* 209 Mass. 111. Tax deeds, good on their face, may be held invalid by reason of some error in the original assessment, or otherwise, not apparent upon examination of the deed itself. *Roberts v. Welsh,* 192 Mass. 278; *Welsh v. Briggs,* 204 Mass. 540. And where the tax sale certificate failed to specify when the purchaser would be entitled to a deed, and the deed itself failed to recite the facts which it was provided the certificate should recite, the deed itself was held to be void. To the same effect is *Anderson v. Hancock,* 64 Cal. 455. In *Vestal v. Morris,* 11 Wash. 451, it was held that the tax deed is not sufficient to pass title, when the property was not assessed in the name of the known owner, and no notice had been given by the treasurer that the duplicate assessment roll was in his hands, together with the date when taxes must be paid, and no notice had been advertised by the sheriff that the sale for delinquent taxes would be at public auction. "Compliance with all provisions of law designed for the benefit of the taxpayer is a condition precedent to the validity of the tax." 1 Blackwell, Tax Titles (5th ed.) secs. 163, 164. And great strictness is required, as shown by many cases cited. Also, Black, Tax Titles (2d ed.) sec. 162, and cases cited.

The foregoing authorities show a most jealous regard by the courts for the wife's inchoate right of dower and a continuous effort to preserve it. It would seem that an action to foreclose a tax lien against the owner of the fee is a personal action.

In *Clarence v. Cunningham,* 86 Neb. 434, this court said in the syllabus: "In a personal action to foreclose a tax lien against the owner of the fee, who is a resident of the state upon whom personal service can be made within the state, service by publication only is void." This point in the syllabus treats an action brought against the owner of the fee to foreclose a tax lien as a *personal action.* It then follows up this statement by a conclusion emphasizing the former statement, and which is that service by publication in such case, where personal service can be made within the state, is void.

In *Humphrey v. Hays,* 85 Neb. 239, this court held: "A decree foreclosing a tax lien based upon service by publication, where the owner of the land is a resident of this state upon whom personal service of summons could have been made, and the affidavit for service contains no statements which would authorize constructive service upon the land against which the taxes were assessed, is void." This would seem to be an additional authority upon the question that the foreclosure of a tax lien is a *personal action,* and that there can be no service by publication where the owner of the land is a resident of the state. If a mere proceeding against the land would be sufficient in such case, then no personal service would be necessary. In the same syllabus it is said: "Such a decree may be attacked in an action to redeem the premises from the lien for taxes and remove the cloud created thereon by such void decree." In the same syllabus it is further said: "In an action to quiet title as against a sale for taxes made under a void decree of court, an offer to pay such sum as the court may find due the defendants on account of any lien for taxes paid is a sufficient offer to do equity and a sufficient tender of any taxes due the defendants. *Payne v. Anderson,* 80 Neb. 216."

In *Humphrey v. Hays, supra,* Mr. Justice BARNES, delivering the opinion of this court, cited, with approval, *Payne v. Anderson,* 80 Neb. 216, and said that it was held in that case "that a judgment or decree affecting the title to land owned by a resident of this state, where the only notice is by publication, is void, where no appearance was made by or for such resident; that, in an action to quiet title as against a sale for taxes made under a void decree of the court, an offer to pay such sum as the court may find due defendants on account of any lien for taxes paid is a sufficient offer to do equity and a sufficient tender of any taxes due the defendant. The petition in this case contained such an offer, and it follows that our former rulings upon the question involved in this suit require us to affirm the judgment of the district court." In that case

this court seems to have agreed unanimously (1) that the limitation of two years within which a party might redeem from the sale for taxes has no application to a sale made under a void decree foreclosing a tax lien; (2) also, that in such case an offer to pay such sum as the court might find due on account of any lien for taxes paid was a sufficient offer to do equity and a sufficient tender of any taxes due to the defendants; (3) that in such case an action to quiet title could be brought at any time within 10 years from the recording of the deed made on the sale under the decree. The affirmation of the several things stated would seem to show that this court has heretofore considered that the foreclosure of a tax lien and the sale of the premises under the decree rendered were all steps in a personal action, similar to the foreclosing of a mortgage, and not alone against the land. In *Clarence v. Cunningham,* 86 Neb. 434, it was held: "When a decree foreclosing a tax lien is set aside as void for want of service, the owner of the fee should be allowed to redeem from the tax lien as though no such decree had been entered." In *Smith v. Potter,* 92 Neb. 39, it was held, in a tax foreclosure proceeding by a county to recover delinquent taxes, where service was made by publication and the premises were sold under the decree of foreclosure, that the purchaser at the foreclosure sale bought subject to the right of one having a valid lien upon the premises to redeem from such sale, and that the party claiming the lien could not be debarred without a hearing, if he answered setting up his defense and demanding such hearing.

In the instant case the plaintiff is a resident of the state, and was such resident at the time of the attempted service. It therefore follows, for all the reasons given, that the original judgment against her is void. Whatever the interest is that she may have in the premises, she is entitled to protect it. Her interest is admitted to have been the dower interest of a wife in lands owned by her husband. The uniform procedure of the courts for a long period of years is to protect the inchoate right of dower held by the

wife in her husband's realty. The subsequent repeal of
the statute creating the dower interest does not divest the
owner of the same of such interest as she had at the time
of the sale. The rights of the parties are determined by
the conditions existing when the sale was made, except as
modified by the new act of 1907, touching the descent of
real property. While that act repeals the inchoate right
of dower held by the wife, it increases her interest in the
premises owned by her husband from a mere life estate to
the ownership of a fee immediately upon the husband's
death. The wife then becomes one of the heirs.

The judgment of the district court is reversed and the
cause remanded, with instructions to enter a decree allow-
ing plaintiff to redeem, and finding and fixing her interest
in the property.

REVERSED.

SEDGWICK, J., concurs in conclusion only.

LETTON, J., dissenting.

If Mrs. Henze had endeavored to redeem her husband's
land from the tax lien within the statutory two years after
the sale, she would have been entitled to do so, having a
sufficient interest in the property to extend to her his right
of redemption. There is no requirement in the statute
that the wife of a landowner be made a party to tax fore-
closure proceedings. In a few states, such as Missouri and
Illinois, in which either the statutes as to the nature of the
tax upon real estate and the lien created thereby, or the
statute of dower, are very different from those of this
state, it is held that the foreclosure of a tax lien does not
bar an inchoate dower interest. In states such as Ne-
braska, in which there is no personal liability on the part
of the landowner to pay the tax, in which the lien attaches
to the land itself, whether assessed in the name of the
owner or in that of some other person, or as unknown, in
which the land is not listed by the owner but by the as-
sessor, and in which the land itself is sold to pay delin-

quent taxes, the contrary is the rule, and an inchoate right of dower is barred by a foreclosure proceeding in which the owner is served and jurisdiction properly obtained over him. *Robbins v. Barron,* 32 Mich. 36; *Jones v. Devore,* 8 Ohio St. 430; dissenting opinion in *Blevins v. Smith,* 104 Mo. 583, 13 L. R. A. 445; Blackwell, Tax Titles (5th ed.) sec. 954. Henze was effectually foreclosed from any interest, so that even under the majority opinion all she ought to be allowed to redeem at this time is her own inchoate dower right, which will not give her any right of possession or of admeasurement until her husband's death. In other words, she redeems now, if at all, her own dower right; and cannot avail herself of her husband's redemption right, of which he has been deprived by the judgment against him. Since there was no right in the plaintiff to set aside the foreclosure proceedings and be allowed to redeem, the district court committed no error in setting aside the default decree and rendering judgment for the defendants.

ROSE and FAWCETT, JJ., concur in dissent.